**UNITED STATES, Appellee,**

v.

**Specialist Four George F. CARROWAY, 242–31–6256, United States Army, Appellant.**

**ACMR 8801643.**

U.S. Army Court of Military Review.

30 March 1990.

Reconsideration Denied 10 April 1990.

For Appellant: Captain Thomas A. Sieg, JAGC, Captain Jeannine C. Hinman, JAGC (on brief).

For Appellee: Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Mark E. Frye, JAGC (on brief).

Before KUCERA, GILLEY, and GIUNTINI, Appellate Military Judges.

### OPINION OF THE COURT

GIUNTINI, Judge:

Contrary to his pleas, the appellant was found guilty, *inter alia*, of forcible sodomy, in violation of Article 125, Uniform Code of Military Justice, 10 U.S.C. § 925

(1982) [hereinafter UCMJ]. A panel of officer members sentenced him to a bad-conduct discharge and confinement for a period of two years. The convening authority approved the sentence as adjudged.

██ The appellant assigns as error, and we agree, that the evidence was insufficient to show that the sodomy offense was accomplished by force and lack of consent. However unseemly the appellant's plans and conduct in taking advantage of a male Private, the evidence is clear that he did not use the kind of force contemplated by UCMJ art. 125.

The appellant used the threat of nonjudicial punishment, for a bogus offense, in an attempt to induce the victim's consent to allow the appellant to sodomize him. This threat of nonjudicial punishment did not suffice to provide the force necessary to sustain a conviction of forcible sodomy. *See generally, United States v. Bonano–Torres*, 29 M.J. 845 (A.C.M.R.1989) cert. for review filed, 29 M.J. 463 (C.M.A.1989) (if alleged rape victim does not resist but instead acquiesces—submits passively—to it, it cannot be said that force has been applied for purposes of rape charge).

In *United States v. Hicks*, 24 M.J. 3 (C.M.A.1987), *cert. denied*, 484 U.S. 827, 108 S.Ct. 95, 98 L.Ed.2d 55 (1987), the accused was found guilty of rape when he used the threat of nonjudicial punishment for one of his soldiers in an attempt to convince the soldier's girlfriend to have sexual intercourse with the accused. However, the evidence showed that Sergeant Hicks' threat of nonjudicial punishment was just one aspect of a coercive atmosphere that resulted in the victim being placed in reasonable fear of bodily harm.[1] In *United States v. Bradley*, 28 M.J. 197 (C.M.A.1989), the accused also used a threat of nonjudicial punishment and was found guilty of the rape and forcible sodomy of the wife of one of his trainees. As in *Hicks*, Sergeant Bradley's use of a threat of nonjudicial punishment for the trainee was one of many factors that

1. Sergeant Hicks said to the victim, "It doesn't matter if you cooperate or not, I'm going to give   it to you anyway." *Hicks,* 24 M.J. at 6.

served to create "a unique situation of dominance and control" over the trainee's wife, which resulted in "an implied threat of death or bodily harm" to her. *Bradley,* 28 M.J. at 200. Although the victim in the case before us was confused and mindful of appellant's apparent authority over him in this training environment, the victim was much larger than appellant and testified that just before the appellant orally sodomized him the appellant said, "I've never done this before, so, if you want me to stop or if you need me to stop, just tell me and I'll stop." There was not the force required by UCMJ art. 125, for forcible sodomy. *See Bonano–Torres,* at 850 n. 3 ("proof of nonconsent without proof of force, actual or constructive, is no more than a mere acquiescence and does not constitute the crime of rape").

The appellant's conviction of forcible sodomy may not be upheld; however, the record clearly establishes his guilt of the lesser included offense of consensual sodomy, also under UCMJ art. 125, and our action will so record that finding.

We have considered the other assignment of error and it is without merit.

Only so much of the finding of guilty of the Specification of Charge I is affirmed as finds that the appellant engaged in consensual sodomy. The remaining findings of guilty also are affirmed.

We are confident that we may reassess the sentence under *United States v. Sales,* 22 M.J. 305, 307 (C.M.A.1986). On the basis of the error noted and the entire record, the sentence is affirmed.

Senior Judge KUCERA and Judge GILLEY concur.