UNITED STATES, Appellee,

v.

Avery SIMMONS, Sergeant,
U.S. Army, Appellant.

No. 66,648.

CM 9001591.

U.S. Court of Military Appeals.

Argued Jan. 7, 1992.

Decided May 22, 1992.

For Appellant: *Captain Edward T. Keable* (argued); *Colonel Robert B. Kirby* and *Captain Emmett G. Wells* (on brief); *Captain James M. Heaton.*

For Appellee: *Captain Marcus A. Brinks* (argued); *Colonel Dayton M. Cramer, Major Thomas Booth* and *Major Joseph C. Swetnam* (on brief).

*Opinion of the Court*

COX, Judge:

Appellant was a Special Testing Noncommissioned Officer assigned to the Testing Standards Office at Fort Hood, Texas. His duty was to administer and grade various standardized tests for U.S. Army personnel. The tests included the Armed Services Vocational Aptitude Battery Test (ASVAB), the Flight Aptitude Standards Test (FAST), and the General Technical Standards Test (GT). While serving in this job, he and his supervisor, Sergeant First Class Rudolph A. Santiful, entered into a scheme whereby they solicited money from soldiers for improving their test results. The evidence revealed that servicemembers purchased higher test scores by paying money to appellant. On his end, Simmons or his supervisor (depending on whether Simmons or his supervisor had approached the servicemember with the proposal) doctored the test while the other verified the score. The

result: Inflated scores for the servicemembers involved; and cash for Simmons and Santiful. The arrangement continued for months and involved numerous servicemembers.

As a result of this activity, appellant was charged with nine specifications of conspiracy, in violation of Article 81, Uniform Code of Military Justice, 10 USC § 881. (*See* Charge I and Additional Charge II.) [1] Under Charge I, he was charged with two specifications of conspiring with Santiful to commit the offense of "altering a public document." Under Additional Charge II, he was charged with a total of seven specifications: two specifications of conspiring with Santiful and other soldiers to commit graft; and five specifications of conspiring with another named soldier to commit the offense of "altering a public document."

Appellant also was charged with violating Article 134, UCMJ, 10 USC § 934. Charge II contained one specification of wrongfully accepting money to carry out his official duties and another that charged him with soliciting money to carry out his duties. Additional Charge I contained seven specifications of wrongfully receiving money to render services, one specification of soliciting money, and two specifications of "wrongfully completing" a test for another soldier.

Despite his pleas, he was convicted of all charges and specifications except for one specification of accepting money under Charge II. The military judge then sentenced appellant to confinement for 5 years; reduction to pay grade E–1; total forfeitures; and a dishonorable discharge from the service. The convening authority approved this sentence.

Before the Court of Military Review, appellant contended that the evidence supported only one conviction for conspiracy in violation of Article 81. The Government agreed. (*See* Answer to Assignment of Errors at 3.) That court then consolidated all the conspiracy charges into one specification in an unpublished opinion dated April 15, 1991. Although the consolidated specification is somewhat cumbersome and redundant, it nevertheless conveys the idea that there was but one conspiracy with numerous overt acts. However, the legal significance of the decision below was that it reduced the maximum authorized punishment from a possible 54 to 30 years' confinement. Then that court took the following action:

Pursuant to *United States v. Sales*, 22 MJ 305 (CMA 1986), we have considered the error noted and the entire record and have reassessed the sentence. Given the number and severity of appellant's offenses, we are satisfied that the appellant would have received the same sentence even with the specifications consolidated, and therefore, we affirm the sentence.

On appeal before this Court, appellant contends that the relief afforded by the Court of Military Review was inadequate to correct the errors made at trial. We agreed to review the following issues:

I

WHETHER THE EVIDENCE IS SUFFICIENT AS A MATTER OF LAW TO PROVE THAT APPELLANT CONSPIRED WITH THOSE WHO TOOK THE TESTS APPELLANT WAS CHARGED WITH ADMINISTERING.

II

WHETHER THE EVIDENCE IS SUFFICIENT AS A MATTER OF LAW TO PROVE MORE THAN ONE INSTANCE OF GRAFT INVOLVING SPECIALIST ALUALU P. MUNA.

III

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED BY

---

1. The opinion below refers to Additional Charge III. This numbering was based on a Notice of Court–Martial Order Correction dated 12 April 1991. However, there was no such Charge at trial, and that Correction Order was vacated on April 24, 1992. Therefore, references to Additional Charge III in that opinion should be changed to reflect the numbering at trial.

REASSESSING AND AFFIRMING APPELLANT'S SENTENCE AFTER CONSOLIDATING NINE SEPARATE CONSPIRACY SPECIFICATIONS.

■ Simmons urges this Court to dismiss most of Charge I and its specification, as consolidated. Appellant's argument is simple:

> Appellant's alleged co-conspirators were those willing to pay appellant to insure they received a good test score. Indeed, save for one, each "co-conspirator" appears in a separate graft specification as the donor of money "as compensation for services rendered by [appellant] in relation to an office [sic] matter...."

Final Brief at 3–4.

Thus, the question is presented whether appellant could conspire with a soldier who also was the "victim" or at least the "participant" in the graft. Generally, a conspiracy and its substantive crime are discrete crimes. However, "Wharton's Rule" carves out an exception to that general principle. There, "[a]n agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." *Iannelli v. United States*, 420 U.S. 770, 773–74 n. 5, 95 S.Ct. 1284, 1288 n. 5, 43 L.Ed.2d 616 (1975) [*citing* R. Anderson, *Wharton's Criminal Law and Procedure* § 89 at 191 (1957)]. *See para.* 5c(1), Part IV, Manual for Courts–Martial, United States, 1984.

■ Appellant's argument fails for the simple reason that the offense of altering public documents does not require two persons for its commission. Para. 99b, Part IV. While it is true that two persons are required to complete the crime of bribery or graft, para. 66b, Part IV, altering public records is a separate and distinct crime. Appellant's argument also fails in regard to the two specifications alleging conspiracy to commit graft. As previously stated, graft requires two persons and therefore "Wharton's Rule" would apply; however, the two specifications involving graft in appellant's case allege three conspirators. Therefore, a separate and distinct conspiracy still exists. Thus, we conclude that the Court of Military Review did not err in failing to set aside the pertinent allegations of overt acts involved in the surviving single specification of conspiracy.

As to the second granted issue, the Government has correctly conceded error and agrees that one of the specifications should be dismissed as being multiplicious for findings. *See* paras. 66 and 105, Part IV. We therefore answer Issue II in the negative. However, the military judge treated the two specifications as multiplicious for sentencing; therefore, appellant was not prejudiced by this error.

■ Lastly, appellant contends that the Court of Military Review erred by not ordering a rehearing on sentence in his case.[2]

---

**2.** Appellant states in his brief before this Court that "the military judge clearly expressed doubts about what sentence he would have imposed at trial if the conspiracy charges were consolidated." Final Brief at 8. We take note of appellant's argument and take the opportunity to present the military judge's complete statement. After sentencing, the military judge stated:

> MJ: As to the findings and sentence, I would like to comment that I am concerned about some of the conspiracy convictions, to the extent that what might have occurred could ... more appropriately have been categorized as possible solicitation or extortion on the part of the accused, and perhaps some of the co-conspirators were really victims rather than conspirators. In any case, Captain Gomez, based upon the facts received in court and if you discover any new evidence or if

you find any case-law to indicate that my findings were in error, I would ask that you petition the court for a post-trial hearing on the matter at any time before I authenticate the record of trial.

> \* \* \* \* \* \*

> [The judge also stated, prior to the court-martial being adjourned:]

> MJ: And, as I mentioned earlier, at any time before I authenticate the record of trial, I certainly have the authority to review the findings and, if they are inappropriate, to change the findings. Obviously then, that would affect the sentence.

Appellant urges this Court to derive from these statements that the reassessment of sentence by the Court of Military Review was defective. We disagree. An "affect" on appellant's sentence may encompass legal effect, *etc.* The

We do not agree. In the final analysis, appellant stands convicted of serious violations of the Uniform Code of Military Justice for transactions arising out of willful profiteering from the performance of his assigned military duties. Even though he has been granted legal relief as to the form of the charges against him, he nevertheless stands convicted of all the underlying misconduct. The Court of Military Review has considered his sentence in light of the errors and found that it is "correct in law and fact." Art. 66(c), UCMJ, 10 USC § 866(c). We conclude that the Court of Military Review applied the proper standards for reassessment of a sentence, as announced in *United States v. Sales*, 22 MJ 305 (CMA 1986).

---

record is devoid of any such evidence or author-

The decision of the United States Army Court of Military Review is reversed as to specification 2 of Additional Charge I. The finding of guilty thereon is set aside and that specification is dismissed. The memorandum opinion dated April 15, 1991, will be amended to change the second sentence of the first paragraph to read after "Charge I" as follows: "as well as specifications 1 through 7 of Additional Charge II are consolidated into specification 1 of Charge I as shown in the appendix." A copy of the corrected opinion will be filed with this Court. In all other respects the decision below is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE, and WISS concur.