**UNITED STATES, Appellee,**

v.

**Private First Class George D. BRYLIN-SKY, 375–60–5259, United States Army, Appellant.**

**ACMR 8800894.**

U.S. Army Court of Military Review.

6 Sept. 1988.

For Appellant: Major Marion E. Winter, JAGC, Captain Ralph L. Gonzalez, JAGC (on brief).

For Appellee: Lieutenant Colonel Gary F. Roberson, JAGC (on brief).

Before HOLDAWAY, MYERS, and CARMICHAEL, Appellate Military Judges.

OPINION OF THE COURT

CARMICHAEL, Judge:

Pursuant to his pleas, appellant was convicted of numerous offenses to include five specifications of violating a lawful general regulation. Although the latter specifications involve United States Forces Korea (USFK) Regulation 27–5, dated 20 May 1986, none of the so-called "show and tell" provisions of the regulation were charged or otherwise relied upon by the prosecution.

Thus, both in law and fact, we find this case distinguishable from the constitutional and statutory attacks successfully mounted against USFK Regulation 27–5 in *United States v. Lee*, 25 M.J. 457 (C.M.A.1988). Here, appellant went to a United States post exchange (PX) and purchased over $1400 of merchandise with a false identification (ID) card and a false ration control plate (RCP). The lucre and bogus cards were given to appellant by Korean nationals in furtherance of a black-marketing scheme. However, the ration control monitor at the PX, after examining appellant's false ID card and false RCP, asked for additional identification. Appellant stated he would have to get it from his car and fled the exchange. Using the false ID card, which the ration control monitor retained, Criminal Investigation Division agents ascertained appellant's true identity. Appellant was apprehended and questioned. He agreed to cooperate in identifying other soldiers who were active in the black market.

Notwithstanding his knowledge that law enforcement agents had identified him as an offender, appellant was undeterred in his black-marketing activities. He subsequently was apprehended for purchasing merchandise from another PX for the black market through use of a stolen letter of authorization.[1]

The regulatory provisions appellant was charged with violating generally proscribe purchasing exchange merchandise for the production of income through its sale, as well as actually selling such merchandise on the black market (for example, selling the merchandise to persons not authorized duty-free import privileges under the Status of Forces Agreement).

■ In the instant case, at no time was appellant directed to account for purchased merchandise pursuant to the provisions of USFK Regulation 27–5. The evidence against appellant did not result from self-incrimination compelled by regulation, but from good, basic police work. We are satisfied that the paragraph of USFK Regulation 27–5 under which appellant was charged and convicted is lawful. Neither its nor the regulation's legality is affected by whether another paragraph of the regulation is unconstitutional *per se*, unconstitutional as applied, or in derogation of a servicemember's Article 31, Uniform Code of Military Justice, 10 U.S.C. § 831, rights. Further, unlike the "show and tell" provisions of USFK Regulation 27–5, the regulatory provisions in the instant case were not challenged by appellate defense counsel; nor, for that matter, were they challenged at trial.

■ We note, however, that appellant received nonjudicial punishment on a prior occasion for black-marketing activities and making false official statements. With respect to the black-market offense, appellant was charged with a regulatory violation by failing to present documentation showing the continued possession or lawful disposition of various controlled items brought into or purchased in the Republic of Korea. These are the same "show and tell" provisions of USFK Regulation 27–5 which were successfully challenged in *United States v. Lee, supra.* Even though this nonjudicial punishment was referred to in a stipulation of fact and introduced into evidence separately without objection by the defense, we will presume error. In the absence of this nonjudicial punishment, we conclude that the military judge would have imposed the same sentence less six months confinement. *See United States v. Sales*, 22 M.J. 305 (C.M.A.1986).

The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for a dishonorable discharge, confinement for thirty months, forfeiture of all pay and allowances, and reduction to the grade of Private E–1.

Chief Judge HOLDAWAY and Judge MYERS concur.

---

1. Servicemembers in the grade of E–5 and below must have a letter of authorization (USFK Form 48) to purchase high value merchandise from PX's located in the Republic of Korea.