**UNITED STATES, Appellee,**

v.

**Private First Class Harold A. DUMAS, 316–76–3559, United States Army, Appellant.**

**ACMR 8800500.**

U.S. Army Court of Military Review.

23 Nov. 1988.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Major Eric T. Franzen, JAGC, Captain Scott A. Hancock, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain James K. Reed, JAGC (on brief).

Before HOLDAWAY, THORNOCK and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

CARMICHAEL, Judge:

Pursuant to his negotiated pleas, appellant was convicted at a bench trial of conspiring to wrongfully distribute marijuana, and wrongfully distributing marijuana, in violation of Articles 81 and 112a, Uniform Code of Military Justice 10 U.S.C. §§ 881 and 912a (1982 and Supp. IV 1986) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, three years confinement, total forfeitures, and reduction to Private E-1. The convening authority, consistent with the terms of the pretrial agreement, reduced the confinement to twenty-four months and approved the sentence.

The appellant now alleges that his pleas of guilty to the charges and specifications are improvident. As to the offense of conspiring to distribute marijuana, we agree.

Although appellant pled guilty to conspiring to distribute marijuana, in sworn testimony during the providence inquiry he explicitly denied any knowledge of what his coconspirators planned to do with the marijuana once he purchased it. This testimony significantly differs from the stipulation of fact, which states in part that:

> the accused entered into an agreement with Private First Class Stephen Tabor and Private E-2 William MacIntyre to effect a deal for the wrongful purchase and distribution of marijuana in the hashish form, which distribution is an offense under the UCMJ. The accused met with Private MacIntyre and agreed to go with PFC Tabor and make a deal with a German drug supplier named Feldt (a.k.a. Siggy) for the purchase and distribution of hashish.

▆ Government appellate counsel characterize this discrepancy between appellant's testimony and the stipulation of fact as minor in nature. We reject this characterization. Obviously, the stipulation establishes appellant's guilt of conspiring to distribute marijuana; the appellant's testimony, on the other hand, admits only to conspiring to possess marijuana. Under these circumstances, the military judge was bound to seek clarification. *United*

*States v. Epps*, 25 M.J. 319, 321 (C.M.A. 1987). In the absence of such clarification, we find appellant's plea of guilty improvident. However, there is no discrepancy regarding appellant's agreement to obtain and possess marijuana. The appellant's sworn testimony and the stipulation clearly establish his guilt of the offense of conspiring to possess marijuana, and we will uphold his conviction of this lesser offense. *See Epps*, 25 M.J. at 321; *United States v. Wright*, 22 M.J. 25, 27 (C.M.A.1986).

 Turning to the providence of appellant's plea to wrongfully distributing marijuana, we conclude that his plea is provident. *See United States v. Tuero*, 26 M.J. 106 (C.M.A.1988). The appellant distributed approximately thirty-nine grams of marijuana to Private First Class Stephen Tabor.

As for the issues personally specified by appellant, they are without merit.

The findings of guilty of Charge I and its Specification are affirmed. Only so much of the findings of guilty of Charge II and its Specification are affirmed as find that appellant, at the time and place alleged, conspired with Private First Class Stephen L. Tabor and Private E–2 William B. MacIntyre, to commit the offense of wrongful possession of marijuana in the hashish form, and effected the object of the said conspiracy in the manner alleged.

 The maximum permissible punishment based on the offenses of which appellant was convicted included confinement for thirty years. In affirming the lesser offense of conspiracy to possess marijuana, we calculate the maximum permissible confinement to be twenty years—fifteen years for the distribution of marijuana and five years for conspiring to possess it. Calculation of the latter period of confinement rests on the presumption that appellant knowingly conspired to possess a quantity of thirty grams or more of marijuana. Since appellant was given 1,000 deutsche marks to make the drug purchase from a German national who would only deal with

him, we are satisfied that he knew that he was purchasing not less than thirty grams of marijuana. *See United States v. Mahan*, 1 M.J. 303, 305 (C.M.A.1976) (citing *Turner v. United States*, 396 U.S. 398, 408, 416, 90 S.Ct. 642, 648, 652, 24 L.Ed.2d 610 (1970), and *Leary v. United States*, 395 U.S. 6, 32–36, 89 S.Ct. 1532, 1546–1548, 23 L.Ed.2d 57 (1969)). As we noted earlier, appellant in fact received approximately thirty-nine grams of marijuana. We will reassess the sentence. *See United States v. Sales*, 22 M.J. 305, 307 (C.M.A.1986).

Based on our review of the entire record, and considering the effect of the error noted, we find that appellant would not have received a lesser sentence than the one adjudged.[1] The sentence is affirmed.

Chief Judge HOLDAWAY and Senior Judge THORNOCK concur.

---

1. Assuming *arguendo* that the maximum permissible confinement for conspiracy to possess marijuana in the instant case is two years rather

than five, we remain convinced that, in view of the aggravating circumstances, appellant would not have received a lesser sentence.