UNITED STATES, Appellee,

v.

Captain Fred D. BRUNSON, Jr.,
545–90–4801, United States
Army, Appellant.

ACMR 8802366.

U.S. Army Court of Military Review.

30 March 1990.
Reconsideration Denied 26 April 1990.

For Appellant: Captain Brian D. Bailey, J.A.G.C., Captain Harry C. Wallace, Jr., J.A.G.C. (on brief).

For Appellee: Colonel Alfred F. Arquilla, J.A.G.C., Major Daniel J. Dell'Orto, J.A.G.C., Major Kathryn F. Forrester, J.A.G.C., Captain Mark E. Frye, J.A.G.C. (on brief).

Before KUCERA, GILLEY and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Contrary to the appellant's pleas, the military judge, sitting as a general court-martial, convicted him of conduct unbecoming an officer and a gentleman, in violation of Article 133, Uniform Code of Military Justice, 10 U.S.C. § 933 (1982) [hereinafter UCMJ]. The specific acts covered in one specification were absence without leave for ten days; violation of Army Reg. 600–15, Indebtedness of Military Personnel, para. 1–5 (14 March 1986) [hereinafter AR 600–15], a lawful general regulation, by "wrongfully, failing to pay [a] just debt to Midwest Showcase Corporation"; violation of Army Reg. 608–99, Family Support,

Child Custody, and Paternity, paras. 1–5 and 2–4 (11 May 1987) [hereinafter AR 608–99], a lawful general regulation, during the period October 1987 through May 1988, "by wrongfully failing to adequately and continuously support his family members"; and "wrongfully and unlawfully making a draft in the amount of $50.00 to Tinker Air Force Base Officers' Club on 21 May 1988, then knowing that he ... did not and would not have sufficient funds for the payment of said draft." The convening authority approved the sentence of a dismissal and forfeiture of $250.00 pay per month for twelve months.

■ The appellant contends that conviction of the two parts of the specification alleging violation of lawful general regulations must fall because the military judge did not have them attached to the record of trial after he took judicial notice of them, even though regulations judicially noted should be attached to the record. Since those regulations are readily available for our review, the appellant has not suffered any prejudice from that omission. *See United States v. Irvin*, 21 M.J. 184, 187 n. 8 (C.M.A.), *cert. denied*, 479 U.S. 852, 107 S.Ct. 183, 93 L.Ed.2d 117 (1986); Manual for Courts–Martial, United States, 1984, Mil.R. of Evid. 201A, analysis, app. 22, at A22–5 [hereinafter M.C.M., 1984 and Mil.R. Evid.].

■ We find, however, that AR 600–15 is not a general regulation violation of which is punishable under Art. 92, 10 U.S.C. § 892 because its provisions are non-punitive. It does not purport to establish criminal sanctions; rather, it provides guidance on how to approach complaints of unsatisfied indebtedness by soldiers. *See United States v. Blanchard*, 19 M.J. 196 (C.M.A.1985), and the cases cited therein. Yet, the appellant dishonorably failed to pay a debt he acknowledged, including failing to meet with the creditor's representatives as he had promised. The allegation and finding that he "wrongfully failed to pay" that just debt suffices for our affirmance of a violation of UCMJ art. 133; the "wrongfulness" is the dishonorable failure

to pay a just debt, which is conduct unbecoming an officer and a gentleman. *See United States v. Epps,* 25 M.J. 319 (C.M.A. 1987); MCM, 1984, Part IV, para. 59c(3) (lists dishonorable failure to pay a debt as an example of conduct unbecoming an officer and a gentleman). The Manual for Courts–Martial includes what occurred here in its examples of dishonorable failure to pay just debts, that is, evasion and false promises. MCM, 1984, Part IV, para. 71c. Those actions amount to "wrongfulness" in this context, even though no specific punitive directive or statute was violated. The first dictionary definition for "wrongful" is "full of wrong: INJURIOUS, UNJUST, UNFAIR ([e.g.], a wrongful act)". Webster's Third New International Dictionary 2642 (1981). Further, part of the first definition of "wrong" is "to treat disrespectfully or dishonorably." *Id.* Congress saw fit to make such acts as occurred here criminal when committed by commissioned officers.

■ The evidence fails to convince us beyond a reasonable doubt that the appellant violated AR 608–99 or otherwise violated UCMJ art. 133 by failing to support his family members. He and his wife manifested by their reconciliation that they had arranged support other than provided by court order. Further, the law of Oklahoma absolved the appellant of a duty to comply with the court's order during their reconciliation, which essentially covered the period in question. *See Rice v. Rice,* 603 P.2d 1125, 1127–28 (Okla.1979).

■ The evidence did establish beyond a reasonable doubt that the appellant absented himself without authority from 31 May until June 1988. On 27 May 1988, appellant's commander told him that previously approved leave that covered the period of absence was cancelled. The commander's testimony was corroborated by witnesses who were present when appellant was informed his leave was cancelled. Accordingly, the absence without authority was manifestly conduct unbecoming an officer and a gentleman.

■ We find a failure of proof that the appellant knew or had reason to know that

when he made the $50.00 draft to the Tinker Air Force Base Officers' Club, the draft would not be honored on its presentment, which was the alleged violation of UCMJ art. 133.

■ We proceed to determine whether we can reassess the sentence for the two elements of the specifications we will affirm, namely, absence without leave and dishonorable failure to pay a just debt, both amounting to conduct unbecoming an officer and a gentleman. We are confident the sentence that would have been adjudged on those two elements of the specification would have been at least a dismissal and forfeiture of $250.00 pay per month for six months. *See United States v. Sales,* 22 M.J. 305, 307 (C.M.A.1986).

The court affirms only so much of the finding of guilty of Charge IV and its Specification as finds that the appellant did, on or about 17 May 1988, dishonorably fail to pay a just debt to Midwest Showcase Corporation and, during the period 31 May 1988 through 10 June 1988, without authority, did absent himself from his unit, both acts constituting conduct unbecoming an officer and a gentleman. Reassessing the sentence on the basis of the errors noted and the entire record, the court affirms only so much of the sentence as provides for dismissal from the service and forfeiture of $250.00 pay per month for six months.

Senior Judge KUCERA and Judge GIUNTINI concur.