642

UNITED STATES

v.

Joseph H. ZENGEL, Machinery Technician Third Class, U.S. Coast Guard.

CGCMS 23969.
Docket No. 953.

U.S. Coast Guard Court of Military Review.

19 Feb. 1991.

Military Judge: CAPT Douglas A. Smith, USCG.

Trial Counsel: LT Mark R. Higgins, USCG.

Detailed Defense Counsel: LT Kevin J. Collins, USCGR.

Appellate Defense Counsel: CDR Terrance M. Edwards, USCG.

Appellate Government Counsel: LCDR Michael J. Devine, USCG.

Before Panel One BAUM, BRIDGMAN and SHKOR, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by a special court-martial composed of officer and enlisted members. He was convicted, contrary to pleas, of one specification of wrongful use of cocaine in violation of Article 112a, Uniform Code of Military Justice (UCMJ), and sentenced to a bad conduct discharge, which has been approved by the Convening Authority. Before this Court, he has assigned the following three errors, which have been orally argued:

I

THE MILITARY JUDGE ERRED IN RULING THAT ONE OF THE ENLISTED MEMBERS OF THE COURT–MARTIAL WAS NOT A MEMBER OF APPELLANT'S UNIT

II

THE MILITARY JUDGE INSTRUCTED THE MEMBERS IMPROPERLY ON ONE OF THE ELEMENTS OF THE SINGLE

OFFENSE OF WHICH APPELLANT WAS CONVICTED

### III

THE MILITARY JUDGE ERRED, TO THE SUBSTANTIAL PREJUDICE OF APPELLANT, BY OVERRULING APPELLANT'S OBJECTION AND ADMITTING PROSECUTION EXHIBIT 32 INTO EVIDENCE DURING THE SENTENCING PHASE OF THE TRIAL

#### I

■ In assignment one, appellant asserts that one of the enlisted members on his court was from his unit and, thus, according to Article 25(c)(1), UCMJ, not eligible to serve on the court-martial. The Government responds, citing *U.S. v. Wilson*, 21 M.J. 193 (C.M.A.1986), to the effect that this is not a jurisdictional matter and may be waived. According to the Government, appellant did waive any possible defect in this regard by failing to object. We agree. Furthermore, we note that the trial judge queried this particular enlisted court member concerning his unit and determined that it was not the same unit as appellant's. We agree with that conclusion also. The court member was attached to U.S. Coast Guard Group Key West, Florida and appellant was assigned to U.S. Coast Guard Station, Key West, Florida—two separate units. Assignment of error one is deemed to be without merit.

#### II

■ In his second assignment of error, appellant asserts that the military judge improperly instructed the members on the defense of mistake of fact which had been raised by evidence relating to consumption of "Health Inca Tea." Government counsel points out that the instructional wording now complained of by appellant was contained in the instruction proposed by the defense counsel at trial. The defense counsel did not object to the instruction as given by the judge. As a result, the Government contends any error was clearly waived. We agree. Assignment of error two is rejected.

### III

■ In assignment of error three, appellant submits that the military judge erred to appellant's prejudice by admitting in evidence, during the sentencing phase of trial, a prosecution exhibit to which the defense objected. The exhibit in question was a copy of a letter report from appellant's command informing the Commandant of the Coast Guard of appellant's civil arrest for: "Arson first degree, Projecting or discharging a destructive device, and Shooting a deadly missile into a public building." The report, which also indicated that appellant was released on his own recognizance pending arraignment and ultimate outcome of trial, was required by Article 8–C–2 of the Coast Guard's Personnel Manual. The trial defense counsel, citing Rule for Court Martial (RCM) 1001(b)(3), objected to the document's referring to a mere arrest, not a final conviction. Based on RCM 1001(b)(4), he also objected that the information in the exhibit did not relate to or result from the offense of which appellant had been convicted. The judge overruled the objections and admitted prosecution exhibit 32 pursuant to RCM 1001(a)(1)(A)(ii) and Military Rule of Evidence (MRE) 403.

In challenging the judge's ruling before this Court, appellant acknowledges the fact that the Coast Guard treats the "Report of Arrest and Subsequent Civil Action" as a "personnel record" of an accused. *See* Article 8–C–2, Coast Guard Personnel Manual, COMDTINST M1000 6A; Commandant Instruction M1080.10 ("Military Personnel Data Record (PDR) System"). RCM 1001(a)(1)(A)(ii), which the judge cited upon admitting prosecution exhibit 32, permits introduction of such personnel records after findings of guilty are announced in order to assist the court-martial in determining an appropriate sentence. Appellant submits that such a result has enabled the Coast Guard to impermissibly "bootstrap" a mere allegation of criminal wrongdoing into a formalized document which can be used to obtain a more severe punishment at

**644**

a court-martial. Moreover, in the words of appellate counsel:

> Not only does the Coast Guard permit these "reports" to be placed in a member's service record, but it does so without providing even minimal due process. There is no provision to allow the member to rebut the report before it is entered into the service record. *In fact, there is not even a requirement to advise the member that such a report has been prepared and submitted.* See Article 8–C–2, Coast Guard Personnel Manual. Grossly inaccurate reports of civil arrest simply could be allowed to "fester" in a member's service record for years, causing untold hardships, yet the member might never even be aware of their existence. Is this the way a proud and distinguished branch of the Armed Forces should treat its own personnel?

Appellate Defense Brief at p. 13, Footnote 1.

We agree with appellant that a mere allegation of wrongdoing, as appears in prosecution exhibit 32, should not be presented to a court-martial for sentence enhancement without a showing of the trial court's final determination with respect to that allegation. That final result was not made a part of this record. Accordingly, we deem it error to have admitted prosecution exhibit 32 without the civil court's resolution of the charges.

Trial judges at Coast Guard Courts–Martial should be alert to exclude evidence amounting to nothing more than a mere allegation, such as prosecution exhibit 32, even though that evidence may appear as a part of a personnel record. MRE 403, which allows exclusion of relevant evidence of its probative value is substantially outweighed by the danger of unfair prejudice, provides ample authority for judges to keep such documents out of evidence at the sentencing stage.

■ Appellant asserts that admission of prosecution exhibit 32 "undoubtedly contributed significantly to the members' determination that a Bad Conduct Discharge was appropriate in this case." Appellate Defense Brief at p. 14. We agree. Since a punitive discharge was the only punishment imposed, we cannot be certain that such a discharge would have resulted had the accused's arrest report not been presented. For that reason, we must return this record for resentencing by another court-martial untainted by this prejudicial information. *U.S. v. Sales,* 22 M.J. 305 (C.M.A.1986).

The findings of guilty are affirmed and the sentence is set aside. A rehearing on sentence is authorized.

Judges BRIDGMAN and SHKOR concur.