UNITED STATES, Appellee,

v.

Specialist Ponzie L. GRAY, 464–39–0196, United States Army, Appellant.

ACMR 9101157.

U.S. Army Court of Military Review.

13 April 1992.

For Appellant: Captain Robin N. Swope, JAGC, Captain Michael W. Meier, JAGC (on brief).

For Appellee: Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Joseph C. Swet-

---

9. Of course, counsel must be competent. See Part II of this opinion.

nam, JAGC, Captain Robert J. Walters, JAGC (on brief).

Before De GIULIO, HAESSIG and ARKOW, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. Pursuant to her pleas, she was found guilty of one specification of conspiracy, three specifications of forgery, and five specifications of knowingly assuming a false or fictitious identity, in violation of Articles 81, 123, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 923, and 934 (1982). She was sentenced to a dishonorable discharge, confinement for five years, total forfeitures, and reduction to Private E1.

Appellant had entered into a pretrial agreement which provided that, in exchange for her pleas of guilty, the convening authority would suspend for twelve months any sentence in excess of dishonorable discharge, confinement for thirty months, total forfeitures, and reduction to Private E1. The total forfeitures were to be suspended for thirty-six months, provided appellant initiated and continued a voluntary dependent support allotment prior to the day of the convening authority's action. The allotment was to be for the total amount of her pay less taxes and "FICA," was to be for the support of her children, and was to be payable to her children's guardian. Consistent with the Staff Judge Advocate's recommendation,[1] the convening authority approved the sentence in accordance with the pretrial agreement except that he did not suspend the forfeitures.

■ Appellant now alleges that she applied for the allotment prior to the convening authority's action but the convening authority failed to suspend the forfeitures. We will grant appellant relief by reassessing the sentence.

Both parties have submitted to this Court affidavits to support their positions. Appellant's affidavits purport to show that she initiated an allotment. Opposing affidavits purport to show she did not.

In *United States v. Cowan*, 32 M.J. 1041 (A.C.M.R.1991), *petition granted*, 34 M.J. 156 (C.M.A.1991), this Court determined that a convening authority could approve a sentence which made suspension of forfeitures contingent upon the condition that the accused initiate and maintain an allotment. It was also noted that making such a condition a part of a negotiated plea and a pretrial agreement was "a bad idea." *Id.* at 1042 n. 1. In addition several pitfalls were noted. *Id.* at 1045–46 (Johnston, J, concurring in part and dissenting in part).

■ The case before us is an example of one of the pitfalls involved in the use of the provision for a contingent suspension of forfeitures. This Court is asked to determine if there has been compliance with the pretrial agreement. Because that determination involves facts which occurred after the trial, it requires a decision based upon affidavits or a hearing pursuant to *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967).

We choose not to enter that newly plowed ground which is fertile with liti-

---

1. The pretrial agreement provides, in pertinent part, that:

if the accused initiates a voluntary dependent support allotment, prior to the day the convening authority takes action, in the amount of the accused's total pay and allowances at the grade of Private E1, less applicable taxes and FICA, for the support of her children, payable to her children's guardian, the convening authority will suspend the execution of that part of the sentence adjudging forfeiture of pay and allowances for a period of 36 months. The condition of the suspension will

be that the accused continue the voluntary dependent support allotment for the entire suspension period....

In his recommendation, the Staff Judge Advocate advised the convening authority that "[t]he accused has not provided proof of an allotment." He did not recommend that the forfeitures be suspended. This advice is erroneous because the requirement is for the accused to "initiate" and "continue" the allotment. The agreement contains no provision that appellant provide proof of an allotment.

gious seeds. Our reassessment of the sentence will moot the issue.

Other assertions of error raised personally by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and *United States v. Sales,* 22 M.J. 305 (C.M.A. 1986), only so much of the sentence is affirmed as provides for a dishonorable discharge, confinement for thirty months, and reduction to Private E1.

Judge HAESSIG and Judge ARKOW concur.