**UNITED STATES, Appellee,**

v.

**Private First Class William H. DE-BAUGH IV, 127–66–9128, United States Army, Appellant.**

**ACMR 9200512.**

U.S. Army Court of Military Review.

8 July 1992.

For Appellant: Captain Robin N. Swope, JAGC, Captain Victor A. Tall, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Edith M. Rob, JAGC (on brief).

Before CREAN, WERNER and WALCZAK, Appellate Military Judges.

OPINION OF THE COURT

WALCZAK, Judge:

The appellant, pursuant to his pleas, was convicted by a military judge sitting as a general court-martial of aggravated assault, assault consummated by a battery, drunk and disorderly conduct (two specifications), and a violation of a lawful general regulation, in violation of Articles 128, 134, and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934, and 892 (1982) [hereinafter UCMJ]. He was sentenced to a

bad-conduct discharge, confinement for eight months, forfeiture of all pay and allowances, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved the sentence, but limited the forfeiture to $523.00 pay per month for nine months.[1]

The appellant contends that his plea of guilty to assault with a means likely to produce grievous bodily harm was improvident. We agree.

The narrow issue on appeal is whether one blow with a bare fist constitutes a means likely to produce grievous bodily harm. The appellant pled guilty to assaulting a previously injured individual by punching him with his fists and kicking him with a shod foot in the face. The appellant, significantly intoxicated at the time of the assault, was unable to remember his actions during the assault. The military judge and the appellant relied on a stipulation of fact to reconstruct the events of the assault during the providence inquiry. The stipulation of fact only recites that the appellant approached the victim from behind and struck him once with a closed fist. There is no mention of the appellant striking repeated blows with his fists or kicking the victim with a shod foot. The appellant was aware that the victim had earlier been struck in the face by another assailant and was being assisted out of an establishment when the assault in question occurred. Although the victim sustained serious injuries to his jaw, it is unclear from the record whether the extent of the injuries were due to the first assault by another assailant or the second assault by the appellant.

The use of bare fists to assault someone can constitute a means likely to produce grievous bodily harm. *United States v. Keene*, 50 C.M.R. 217 (A.C.M.R. 1975). In *Keene*, however, the accused repeatedly struck the victim in the face and facial area with forceful blows of his fists severely damaging his eye. In *United States v. Vigil*, 13 C.M.R. 30 (C.M.A.1953),

the accused, while standing over a sleeping victim, delivered numerous blows with his clenched and gloved fists with power, precision, and accuracy. These authorities involve repetitive blows with bare fists causing severe injury to the victims.

Under the specific facts of this case, we agree with the appellant that his plea to an assault with a means likely to produce grievous bodily harm was improvident. The evidence only establishes that the appellant struck the victim once with his fist. Accordingly, neither the providence inquiry or the stipulation of fact establish the factual predicate for the charged offense. However, the inquiry does establish the factual predicate for the lesser offense of assault and battery.

The Court affirms only so much of the findings of guilty of Specification 1 of Charge I as finds that the appellant, did, at Darmstadt, Germany, on or about 8 June 1991, unlawfully strike Mr. Brian Schrock in the face with his fist, in violation of Article 128, UCMJ. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for eight months, forfeiture of $200.00 pay per month for five months, and reduction to Private E1.

Senior Judge CREAN and Judge WERNER concur.

---

1. The action signed by the convening authority correctly approved forfeitures of $523.00 pay per month for nine months. The promulgating order, General Court–Martial Order Number 4, dated 27 March 1992, however, incorrectly indicates forfeitures of $643.00 pay per month for nine months.