UNITED STATES, Appellee,

v.

Private E2 James R. GREEN, Jr., 075–72–2523, United States Army, Appellant.

ARMY 9502216.

U.S. Army Court of Criminal Appeals.

21 Nov. 1996.

For Appellant: Captain James W. Friend, JA; Lieutenant Colonel Michael L. Walters, JA (on brief).

For Appellee: Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Major Virginia G. Beakes, JA; Captain Mary E. Braisted, JA (on brief).

Before CAIRNS, RUSSELL, and CARTER, Appellate Military Judges.

## OPINION OF THE COURT

CARTER, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of larceny and three specifications of making and uttering bad checks in violation of Articles 121 and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 923a (1988)[hereinafter UCMJ]. Appellant was sentenced to a bad-conduct discharge, confinement for nine months, forfeiture of all pay and allowances, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved a sentence of a bad-conduct discharge, confinement for six months, and reduction to Private E1.

This case is before the court for review under Article 66, UCMJ. In his assignment of error, the appellant asserts that the plea of guilty for one specification of making and uttering bad checks was improvident because during the factual inquiry he raised a matter inconsistent with his plea, namely the public policy against enforcing gambling obligations. We agree.

## I. FACTS

Between 30 June and 30 July 1995, knowing he had no money in his checking account, the appellant made and uttered six checks to the Main Post Club in Yongsan, Korea, totaling $850.00. During the guilty plea inquiry, the appellant stated that he used the money from these checks to gamble in the slot machines at the small casino located in the Main Post Club. The military judge did not inquire further regarding appellant's use of the money or the relationship between the government check cashing and gambling operations.

## II. LAW

■ The Manual for Courts–Martial, United States (1995 Edition), does not identify gambling as a special or affirmative defense for making and uttering bad checks. *See* Rule for Courts–Martial 916. Nevertheless, as a matter of public policy, military courts may not punish soldiers for check offenses arising from gambling debts. Under military law, a worthless check is a "gambling debt" if it is accepted from a soldier by a government check cashing facility for the purpose of supplying that soldier with money to gamble in an on-site gambling enterprise legally operated by the government. *United States v. Allbery,* 44 M.J. 226 (1996); *United States v. Wallace,* 15 U.S.C.M.A. 650, 36 C.M.R. 148, 1966 WL 4432 (1966). Using courts-martial to enforce gambling debts violates public policy. *Allbery,* 44 M.J. 226; *Wallace,* 15 U.S.C.M.A. 650, 36 C.M.R. 148. However, check offenses are punishable under the UCMJ, if the facts show no direct connection between the check cashing service and the gambling activity. *United States v. Slaughter,* 42 M.J. 680, 682 (Army Ct.Crim.App.1995).

■ A plea of guilty which "sets up matter inconsistent with" that plea cannot be accepted. Article 45(a), UCMJ. To reverse such a guilty finding on appeal, the record must show a " 'substantial basis' in law and fact for questioning the plea." *United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991). If an accused raises matters inconsistent with his plea, the military judge is required to inquire further into those matters and resolve the inconsistency. *United States v. Brooks,* 26 M.J. 930 (A.C.M.R.1988).

■ Although gambling is not a "defense," *Wallace* created a public policy bar against a conviction for writing bad checks connected with gambling operations. *Wallace,* 15 U.S.C.M.A. at 651–52, 36 C.M.R. at 149–50. If a guilty plea inquiry for a bad check offense raises facts that provide a substantial basis to believe that the check cashing operation was designed to facilitate gambling and the military judge does not resolve that inconsistency, then this court must set aside the finding of guilty. *See Allbery,* 44 M.J. 226; *Prater,* 32 M.J. at 436; *United States v. Davenport,* 9 M.J. 364 (C.M.A.1980).

## III. DISCUSSION

■ During the guilty plea inquiry, the appellant raised facts which provide a substantial basis to question whether the worthless checks were cashed by the military club

to facilitate its on-site gambling operation. The check cashing facility was located at an unspecified location in the same club as the casino with the slot machines. During the guilty plea inquiry, the appellant disclosed that he used the money he received for his bad checks to gamble in the slot machines. The military judge did not ask whether he used any portion of the money for purposes other than gambling or how long he waited to gamble after cashing the checks. The record is also silent concerning nongambling patrons and purposes served by the check cashing facility, the locations of other check cashing facilities for soldiers, hours of operation for both the check cashing facility and the gambling operation, or any other factors that might negate the conclusion that the bad checks created a gambling debt. In short, the record contains no other facts which might distinguish this case from *Wallace* and *Allbery*. Accordingly, appellant's plea of guilty to this one specification is improvident.

We have reviewed the matters personally raised by the appellant and find them to be without merit. The finding of guilty of Specification 3 of Charge II is set aside and, in the interests of judicial economy, dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted, the entire record, and *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for five months, and reduction to Private E1.

Senior Judge CAIRNS and Judge RUSSELL concur.