# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

### Kenneth M. JONES,
### Seaman (E-3), U.S. Coast Guard

## CGCMS 24282

## Docket No. 1222

## 27 February 2007

Special Court-Martial convened by Commanding Officer, U.S. Coast Guard Training Center Yorktown. Tried at Norfolk, Virginia, on 13 May 2004.

| | |
|---|---|
| Military Judge: | CDR Stephen P. McCleary, USCG |
| Trial Counsel: | LT S. Dawn Woodard, USCGR |
| Assistant Trial Counsel: | LCDR Monica L. Lombardi, USCGR |
| Defense Counsel: | LT Anthony M. Deitering, JAGC, USNR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

## BEFORE
## PANEL THREE
## McCLELLAND, KANTOR, & CAHILL
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of attempting to steal goods, in violation of Article 80, Uniform Code of Military Justice (UCMJ); four specifications of unauthorized absence and one specification of failure to go to his appointed place of duty, all in violation of Article 86, UCMJ; one specification of wrongful use of cocaine and one specification of wrongful distribution of cocaine, in violation of Article 112a, UCMJ; three specifications of larceny and one specification of wrongful appropriation, in violation of Article 121, UCMJ; and one specification of making checks without sufficient funds with intent to defraud, in violation of Article 123a, UCMJ. The military

judge sentenced Appellant to a bad-conduct discharge, confinement for ten months, and reduction to E-1. The Convening Authority approved the adjudged sentence, but suspended confinement in excess of 180 days for twelve months from the date of Appellant's release from confinement, pursuant to the terms of the pretrial agreement. The Convening Authority noted that all confinement credit would be applied against unsuspended confinement, resulting in confinement for 126 days.

Before this Court, Appellant has assigned three errors:

    I. That the military judge failed to ensure that Appellant made a knowing request in the pretrial agreement for deferment of the suspended portion of the sentence.

    II. That Appellant's plea to one of the unauthorized absences was improvident because the military judge failed to adequately advise Appellant of the effect of detention by civilian authorities on unauthorized absence, failed to elicit facts to show that Appellant actually committed the offense for which he had been detained by civilian authorities, and also failed to explain the defense of inability.

    III. That Appellant's plea to failure to go to his appointed place of duty is improvident because the military judge failed to resolve inconsistencies between Appellant's statements and his guilty plea, failed to elicit facts sufficient to support a plea of guilty, and failed to define the defense of inability.

The first assignment is rejected. Any error by the military judge in failing to explain a term in the pretrial agreement was harmless, as the term was not and could not in the future be applied to his detriment.

The third assignment is also rejected. The providence inquiry revealed that although Appellant went to the appointed place of duty alleged, he went there later than the time prescribed because he had overslept. This caused him to miss the direction to a new location he would have received had he arrived on time, so that he missed the whole day's activities. Despite some apparent confusion in the military judge's mind as to which location was the appointed place of duty, Appellant admitted facts supporting the offense alleged in the specification. His simple statement that he woke up late did not raise a defense of inability.

The second assignment warrants discussion.

The specification at issue alleges that Appellant "did, on or about 0545 13 February 2004, without authority, absent himself from his unit, to wit: U.S. Coast Guard Training Center, located at Yorktown, Virginia, and did remain so absent until on or about 1600 13 February 2004." According to Appellant during the providence inquiry, he was incarcerated by civilian authorities sometime prior to 0545 on 13 February 2004. (R. at 50.) He returned to military control shortly after he was released from a local jail on 13 February. (R. at 49-50.) The record does not contain any information on the eventual disposition of the charges that led to Appellant's incarceration.

Although the military judge implied that incarceration in a civilian jail never excuses an absence, the Manual for Courts-Martial recognizes that a member may be held by civilian authorities and prevented from returning to his or her unit but never found to have committed the offense for which detained. In such a case, the detention was not the result of the member's misconduct, and the member is not guilty of unauthorized absence. Manual for Courts-Martial, Pt. IV, ¶ 10.c.(5) (MCM), United States (2005 ed.).[1]

When a potential defense is raised, "the military judge should explain such a defense to the accused and should not accept the plea unless the accused admits facts which negate the defense." Rule for Courts-Martial 910(e) Discussion, MCM, United States (2005 ed.).

In this case, Appellant stated that he was in jail at the time he was alleged to be absent without authority. (R. at 49-50.) The providence inquiry made explicit that Appellant was not free to return to Training Center Yorktown until he was released by local authorities, yet the stipulation of fact indicated Appellant's absence "was of his own free will." (R. at 49; Prosecution Ex. 1 at 3.)

The military judge did not recognize the inconsistency and the potential defense to a charge of unauthorized absence. He erred by neither explaining the potential defense nor otherwise addressing and resolving this issue before accepting Appellant's plea to this

---

[1] The 2002 edition of the Manual for Courts-Martial was in effect at the time of the offenses resulting in the charges. However, the versions of the relevant provisions in both the 2002 and 2005 editions are identical.

specification. As there is nothing in the record from which we may conclude that Appellant actually committed the offense for which he was detained, we are left with unresolved matter inconsistent with the plea of guilty, preventing us from affirming the finding of guilty of the specification of unauthorized absence on 13 February 2004.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. As indicated, we have determined that the plea of guilty to a violation of Article 86, UCMJ, alleged in Specification 3 of Charge II was improperly accepted. The finding of guilty of that specification is set aside. We have determined that the remaining findings of guilty as approved by the Convening Authority are correct in law and fact; they are affirmed.

We now reassess the sentence in light of the reduced guilty findings. We may affirm only so much of the sentence as we believe the military judge would have adjudged in the absence of the error we are now correcting; if we are unable to determine what that would have been, we must order a rehearing on sentence. *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

We are confident that the military judge would have adjudged the same sentence upon the changed findings. Upon our review, we find the sentence appropriate and determine, on the basis of the entire record, that it should be approved. Accordingly, the sentence, as approved and partially suspended below, is affirmed.



For the Court,


Jane R. Lim
Clerk of the Court

4