UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BURTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist CORTIS E. SLOAN
 United States Army, Appellant

 ARMY 20090241

 Headquarters, V Corps
 Edward J. O’Brien, Military Judge
 Colonel Flora D. Darpino, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Captain Shay Stanford, JA; Captain Michael E. Korte, JA (on
brief).

For Appellee: Major Christopher B. Burgess, JA; Major LaJohnne A. White,
JA; Captain Benjamin M. Owens-Filice, JA (on brief).

 24 June 2011

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

JOHNSON, Senior Judge:

 A panel composed of officer and enlisted members sitting as a general
court-martial convicted appellant, contrary to his pleas, of making a false
official statement and aggravated sexual assault of a child, in violation
of Articles 107 and 120, Uniform Code of Military Justice [hereinafter
UCMJ], 10 U.S.C. §§ 907 and 920. The panel sentenced appellant to
confinement for seven years, reduction to the rank of Private E1, total
forfeiture of all pay and allowances, and a dishonorable discharge. The
convening authority approved the adjudged sentence.

 Appellant raises three assignments of error, one of which merits
discussion. We modify the findings below with respect to the Article 107
violation, and affirm the remaining findings and sentence.

 Appellant was convicted of making a false official statement based on
his two specific claims to a Criminal Investigative Command (CID) Special
Agent (SA) [hereinafter “SA DP”] that, “no, I did not touch any part of
Miss B.R.’s genitals” and “no, I did not even kiss Miss B.S. on the mouth
and put my tongue in her mouth.” Appellant maintains his conviction “must
be set aside in part where it was based on an uncorroborated confession of
an offense the alleged victim recanted before trial.”

 Military Rule of Evidence (Mil. R. Evid.) 304(g), in relevant part,
provides:

 An admission or a confession of the accused may be considered as
 evidence against the accused on the question of guilt or
 innocence only if independent evidence, either direct or
 circumstantial, has been introduced that corroborates the
 essential facts admitted to justify sufficiently the inference
 of their truth.

See also United States v. Arnold, 61 M.J. 254, 256-57 (C.A.A.F. 2005)
(quoting and discussing Mil. R. Evid. 304(g). Additionally, “[i]ndependent
evidence is evidence that is not based or derived from the accused’s
extrajudicial statements.” Id. at 256 (citing Opper v. United States, 348
U.S. 84, 93 (1954). In addition,

 If the independent evidence raises an inference of the truth of
 some but not all of the essential facts admitted, then the
 confession or admission may be considered as evidence against
 the accused only with respect to those essential facts stated in
 the confession or admission that are corroborated by the
 independent evidence.

Mil. R. Evid. 304(g).

 The government produced no corroboration for appellant’s confession
that he kissed his daughter and put his tongue in her mouth. We conclude
that admitting the confession, for purposes of proving the falsity of his
first statement, i.e., “No, I did not ever kiss Miss B.S. on the mouth and
put my tongue in her mouth,” was plain error. We therefore except out that
language from Charge I and its Specification and affirm only so much of
Charge I and its Specification as finds appellant “Did, at or near FOB
Hammer, Iraq, on or about 8 August 2008, with intent to deceive, make to
[SA DP], an official statement, to wit: ‘no, I did not touch any part of
Miss B.R.’s genitals,’ or words to that effect, which statement was totally
false, and was known by the said Specialist Cortis E. Sloan to be so
false.”

 The excepted language does not dramatically change the sentencing
landscape for appellant. Reassessing the sentence on the basis of the
modified findings, the entire record, and in accordance with the principles
of United States v. Sales, 22 M.J. 305, 307-309 (C.M.A. 1986) and United
States v. Moffeit, 63 M.J 40, 42-44 (C.A.A.F. 2006), to include those
factors identified by Judge Baker in his concurring opinion in Moffeit, we
are confident with our determination in this case. We affirm the remaining
findings of guilty, and affirm the sentence as approved by the convening
authority.

 Judges COOK and BURTON concur.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court