# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
DARPINO, KERN, and YOB
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant DANIEL MORENO**
**United States Army, Appellant**

ARMY 20100120

U.S. Army Medical Department Center and School
Gregory A. Gross, Military Judge
Colonel Marian Amrein, Staff Judge Advocate (pretrial)
Lieutenant Colonel Jonathan E. Cheney, Acting Staff Judge Advocate
(recommendation)
Lieutenant Colonel Randolph Swansiger, Staff Judge Advocate (addendum)

For Appellant:  Captain Mathew T. Grady, JA (argued); Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain Mathew T. Grady, JA (on brief); Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain Mathew T. Grady, JA (on supplemental brief); Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Laura R. Kesler, JA; Captain Mathew T. Grady, JA (on brief in response to specified issues); Major Richard E. Gorini, JA.

For Appellee:  Captain Stephen E. Latino, JA (argued); Major Christopher B. Burgess, JA; Captain Stephen E. Latino, JA; Major Kirsten M. Dowdy, JA; (on brief); Major Christopher B. Burgess, JA; Major Ellen S. Jennings, JA; Captain Stephen E. Latino, JA (on supplemental brief); Major Amber J. Williams, JA; Major Ellen S. Jennings, JA; Captain Stephen E. Latino, JA (on brief in response to specified issues).

24 October 2011

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of two specifications of making a false official statement, three specifications of larceny of U.S. currency of a value greater than $500, and two specifications of fraud against the United States in violation of Articles 107,

121, and 132, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 921, and 932 hereinafter [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for one year, forfeiture of all pay and allowances, and reduction to the grade of E1. A pretrial agreement limited the maximum confinement to six months and the convening authority approved only so much of the sentence as provided for four months' confinement and the remainder of the adjudged sentence.

Appellant is a reserve component soldier, who left active duty after his commission of the charged offenses. He was subsequently ordered back onto active duty for the purpose of trial by court-martial for the misconduct that ostensibly took place while he was on active duty. The misconduct involved stealing government money by submitting false rental expenses and fraudulent residential leases and receiving reimbursement.

Appellant presents two assignments of error. The first concerns his post-trial processing and action, which we find has no merit and does not warrant further discussion. The second assignment of error, which appellant raised in a supplemental brief, alleged that he "was not properly ordered to active duty by a person empowered to convene [a] general courts-martial and appellant should not have been sentenced to confinement without prior approval by the Secretary of the Army." In order to resolve this second assignment of error, we specified three inter-related issues regarding whether appellant was properly ordered to active duty for his court-martial and whether there were any impacts on the jurisdiction of the court-martial, including authority to sentence appellant to confinement. We also specified a fourth issue concerning whether one of the larceny specifications improperly included a time-frame when the appellant was not on active duty.

In order to process the appellant's misconduct under the UCMJ, he was required to be ordered back onto active duty. The authority to involuntarily order a reservist onto active duty to face court-martial charges is derived from Article 2(d), UCMJ. This paragraph limits the authority to General Court-Martial Convening Authorities [hereinafter GCMCAs] and it also states that the exercise of this authority will be in accordance with regulations prescribed by the President. Under Rule for Courts-Martial [hereinafter R.C.M.] 204, the President further delegated to the Service Secretaries the authority to prescribe rules and procedures for the exercise of court-martial jurisdiction over reserve component personnel.

In the case at hand, the appellant was involuntarily brought back onto active duty by order of the Secretary of the Army for processing under the UCMJ. Appellant now contends that this order violated Army Reg. 27-10, Legal Services: Military Justice [hereinafter AR 27-10] para. 21-3(b) (16 November 2005),which states that only an Active Army General Court-Martial Convening Authority [hereinafter AA GCMCA] can order a reservist involuntarily to active duty for the

purpose of trial by court-martial. Moreover, appellant argues that because the order to active duty is invalid, it cannot serve as approval of the order to active duty by the Secretary of the Army, as required for a reservist to receive a sentence to confinement under UCMJ art. 2 (d)(5).

We disagree with appellant and find that the language of AR 27-10 limiting authority to AA GCMCAs does not limit the Secretary of the Army's authority as a GCMCA and superior authority to all AA GCMCAs. Rather, we find that the regulation is to distinguish between Active and Reserve Army GCMCAs, and in doing so, limits the ability of Reserve Army GCMCAs. Moreover, even if we were to construe this regulatory provision as a limitation on the Secretary of the Army's statutory authority, because the Secretary of the Army is the promulgating authority for this Army Regulation, his ordering of appellant to active duty is well within his authority to grant a exception to the provision of the regulation he himself promulgated.[*] Appellant cites *United States v. Nixon,* 418 U.S. 683 (1974) for the proposition that once an agency promulgates a regulation pursuant to a statutory provision, that regulation has the force of law, and is binding on the issuing agency until revoked or invalidated by a court. We find *Nixon* would not apply to the case at hand in that *Nixon* did not involve an ordinary delegation to a subordinate, but rather a very unique relationship between the Attorney General and a Special Prosecutor. *Nixon*, 418 U.S. at 696. We therefore find that appellant's second assignment of error lacks merit. The order by the Secretary of the Army to involuntarily bring the appellant back onto active duty was valid and there was proper jurisdiction over the appellant. In addition, the order by the Secretary of the Army also served as his approval for the subsequent sentence of the appellant to confinement as required in UCMJ art. 2(d)(5).

Our fourth specified issue concerns whether one of the larceny specifications improperly included a time-frame when the appellant was not on active duty. In accordance with UCMJ art. 2(d)(2)(A), a member of a reserve component may not be involuntarily ordered to active duty for processing under the UCMJ except with respect to offenses committed while the member was on active duty. With respect to Specification 3 of Charge I, upon review of the submissions by the appellant and government, we agree with appellant's claim and the government's concession that the time-frame alleged in the offense [between on or about 5 January 2007 and on or about 29 July 2008] was deficient in that some of the time-frame fell outside of appellant's active duty service. We find for the purpose of that specification that the appellant's active duty ended on or about 24 June 2008. Therefore, this court

---

[*]We also note our finding that the AA GCMCA involved in this case clearly indicated his intent to have the appellant involuntarily ordered to active duty for the court-martial in that he made a written request to Human Resources Command to have the appellant involuntarily recalled to active duty and this same AA GCMCA referred the case to court.

affirms only so much of the finding of Specification 3 of Charge I as finds the appellant did, at or near Houston, Texas, on divers occasions, between on or about 5 January 2007 and on or about 24 June 2008, steal U.S. currency of a value greater than $500, the property of the U.S. Government. The remaining findings of guilty as approved by the convening authority are affirmed.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court