**UNITED STATES Appellee,**

v.

**Pervin R. SALES, Jr., Airman First Class U.S. Air Force, Appellant.**

No. 50,508.
ACM 24219.

U.S. Court of Military Appeals.

Aug. 18, 1986.

For Appellant: Major Charles E. Ambrose, Jr. (argued); Colonel Leo L. Sergi (on brief); Captain Bruce T. Brown.

For Appellee: Lieutenant Colonel Donal F. Hartman, Jr. (argued); Colonel Kenneth R. Rengert and Major David F. Barton (on brief); Major Robert E. Ferencik, Jr.

*Opinion of the Court*

EVERETT, Chief Judge:

A general court-martial at Keesler Air Force Base, Mississippi, tried appellant on charges that he had raped a female airman and had forced her to commit sodomy with him, in violation of Articles 120 and 125, Uniform Code of Military Justice, 10 U.S.C. §§ 920 and 925, respectively. Sales pleaded not-guilty; but, by exceptions and substitutions, he was convicted of committing lewd and lascivious acts[1] and of consensual sodomy. The court members sentenced appellant to a bad-conduct discharge, confinement for 6 months, total forfeitures, and reduction to airman basic; and the convening authority approved the findings and sentence.

The Court of Military Review concluded that appellant's conviction for committing lewd and lascivious acts by having "(1) exposed himself by removing his pants; [and] (2) voluntarily participated in a group sexual encounter" was multiplicious with the finding that he had engaged in consensual sodomy. As that court reasoned:

Indecent acts with another is a lesser included offense of sodomy. *United States v. Cheatham*, 18 M.J. 721 (A.F.C.M.R. 1984), and cases cited therein. In our view the language of this finding "fairly embraced" the conduct that resulted in a conviction of consensual sodomy. *See United States v. Baker*, 14 M.J. 361 (C.M.A.1983). The evidence before the trial court permits no other conclusion. In *United States v. Doss*, 15 M.J. 409 (C.M.A.1983), the Court of Military Appeals held that multiplicity for findings is apparent where one of the offenses is lesser included of the other.

Unpublished opinion at 3.

Having decided that only the conviction for consensual sodomy could be affirmed, the Court of Military Review proceeded to "reassess the sentence in light of the error discussed, the offense affirmed and the record before us." To a request by appellate defense counsel that the punitive discharge be set aside, the court replied that "[g]ood as the accused's record may be to this point, our reading of the transcript convinces us that the adjudged sentence is clearly appropriate and it is AFFIRMED." *Id.* at 3–4.

We granted review of the sole issue presented by appellant's petition:

WHETHER THE EFFECT OF THE AIR FORCE COURT OF MILITARY REVIEW'S REASSESSMENT OF SENTENCE DEPRIVED APPELLANT OF HIS STATUTORY RIGHT TO HAVE HIS SENTENCE ADJUDGED BY THE COURT MEMBERS.

I

At the trial level, the military judge treated the court-martial's findings as separate not only for the purpose of conviction but also in computing the maximum punishment imposable. Accordingly, the judge concluded that 10 years was the maximum confinement that could be adjudged, rather than the 5 years' confinement that would have been the maximum for committing either lewd acts or consensual sodomy with an adult. *See* Table of Maximum Punish-

---

1. *See* Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.

ment, para. 127c, Manual for Courts-Martial, United States, 1969 (Revised edition).

■ The Government has not proceeded under Article 67(b)(2), UCMJ, 10 U.S.C. § 867(b)(2), to certify for our review the holding of the Court of Military Review that the findings of guilty were multiplicious; so this ruling constitutes the law of the case and binds the parties. *Cf. United States v. Bell*, 7 U.S.C.M.A. 744, 23 C.M.R. 208 (1957); *United States v. Morris*, 13 M.J. 297, 299 (C.M.A.1982) (Everett, C.J., concurring in the result). If, therefore, the findings must be considered multiplicious, obviously the military judge erred at trial in computing the maximum sentence imposable and instructing the members accordingly. Now, the question is whether that error obligated the Court of Military Review to give appellant relief by granting a rehearing on sentence or by reducing the sentence pursuant to its own reassessment thereof.[2]

■ In some cases, the Court of Military Review may conclude that it cannot reliably determine what sentence would have been imposed at the trial level if the error had not occurred. Under these circumstances, a rehearing on sentence is in order. *Cf. United States v. Gibson*, 11 M.J. 435 (C.M.A.1981); *United States v. Voorhees*, 4 U.S.C.M.A. 509, 16 C.M.R. 83 (1954). At this rehearing, the accused would be present; and, just as if he had not previously been sentenced, both the accused and the Government could offer evidence as to what sentence would be appropriate.

The sentence originally adjudged would be relevant only in setting a ceiling on the maximum punishment imposable. *See* Art. 63, UCMJ, 10 U.S.C. § 863.

■■ On other occasions, the Court of Military Review may be convinced that even if no error had occurred at trial, the accused's sentence would have been at least of a certain magnitude. Under those circumstances the Court of Military Review need not order a rehearing on sentence, but instead may itself reassess the sentence.[3] *United States v. Bullington*, 13 M.J. 184 (C.M.A.1982). Although reassessment does not provide the accused an opportunity to be present or to offer new evidence in mitigation and extenuation, this procedure complies with constitutional requirements, *see Jackson v. Taylor*, 353 U.S. 569, 77 S.Ct. 1027, 1 L.Ed.2d 1045 (1957); and it has often been employed by Courts of Military Review without criticism from this Court. Of course, if the error at trial was one of constitutional magnitude, then it would seem necessary that the Court of Military Review should be persuaded beyond a reasonable doubt that its reassessment has rendered harmless any error affecting the sentence adjudged at trial. *Cf. United States v. Remai*, 19 M.J. 229 (C.M.A.1985); *see Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ In connection with reassessment, we have emphasized

that, when a Court of Military Review reassesses a sentence because of prejudicial error, its task differs from that which it performs in the ordinary review of a case. Under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, the Court of Military Review must assure that the sentence adjudged is appropriate for the offenses of which the accused has been convicted; and, if the sentence is excessive, it must reduce the sentence to make it appropriate. However, when prejudicial error has occurred in a trial, not only must the Court of

---

**2.** Sometimes an error which affects findings of guilty as to one charge may have a "spill-over effect" on other findings. *Cf. United States v. Hogan*, 20 M.J. 221 (C.M.A.1985). *See also United States v. Sturdivant*, 13 M.J. 323, 330 (C.M.A. 1982). However, appellant has not contended that the judge's error affected the findings that were affirmed.

**3.** If it cannot be reasonably certain as to the severity of the sentence that would have resulted in the absence of the error at trial, then the Court of Military Review should not reassess the sentence but should order resentencing at the trial level. *Cf. United States v. Dukes*, 5 M.J. 71 (C.M.A.1978).

Military Review assure that the sentence is appropriate in relation to the affirmed findings of guilty, but also it must assure that the sentence is no greater than that which would have been imposed if the prejudicial error had not been committed. Only in this way can the requirements of Article 59(a), UCMJ, 10 U.S.C. § 859(a), be reconciled with the Code provisions that findings and sentence be rendered by the court-martial, *see* Articles 51 and 52, UCMJ, 10 U.S.C. §§ 851 and 852, respectively.

*United States v. Suzuki*, 20 M.J. 248, 249 (C.M.A.1985).[4] Thus, if the court can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error; and the demands of Article 59(a) will be met. Of course, even within this limit, the Court of Military Review will determine that a sentence it proposes to affirm will be "appropriate," as required by Article 66(c). In short, a reassessed sentence must be purged of prejudicial error and also must be "appropriate" for the offense involved.

Thus, in appellant's case the Court of Military Review had to consider what sentence would have been adjudged at trial if the military judge had recognized that the findings were multiplicious, had dismissed one of the guilty findings, and then had given correct instructions as to the maximum sentence. After making this determination—which is required by Article 59(a) of the Code—the court would decide what sentence would be "appropriate" for the accused in light of the entire record of trial.

## II

▮ Appellate defense counsel contend that, in this case, the Court of Military Review must have performed the reassessment improperly because it affirmed the

sentence adjudged by the court-martial. This contention is in error to whatever extent it relies on a premise that reduction in sentence must be granted whenever reassessment occurs after a finding of guilty has been set aside. Not only has this Court affirmed Court of Military Review decisions which have denied such relief, but also we occasionally have set aside some findings of guilty rendered in a trial on several charges, upheld the remaining findings, and affirmed the original sentence.

In some of these cases, the findings were set aside as to charges that had been treated at trial as multiplicious with the remaining charges for sentencing purposes; and so the risk was minimal that a higher sentence had been adjudged because of the trial judge's failure to recognize multiplicious findings of guilty. *See United States v. Zubko*, 18 M.J. 378 (C.M.A.1984). However, in other instances, this Court has affirmed the original sentence even though some of the offenses were multiplicious for findings purposes and no instruction had been given at trial as to multiplicity for sentencing purposes. *See United States v. Zupancic*, 18 M.J. 387 (C.M.A.1984).

▮ In this case, the presence of the multiplicious findings could not have led to the reception of evidence that otherwise would have been inadmissible. *Cf. United States v. Vickers*, 13 M.J. 403 (C.M.A.1982). Moreover, the sentence adjudged by the court-martial was lenient in relation to the 5 years' confinement imposable for committing either lewd acts or consensual sodomy. On this record, we are convinced that a rehearing on sentence was unnecessary and that a reassessment of sentence will suffice.

Although we recognize that in some instances an error at trial will compel the grant of a reduction in sentence upon reassessment, *cf. United States v. Dukes*, 5

---

**4.** The Federal practice is similar in focusing on the impact of an error on the originally adjudged sentence. *See* Wright, *Federal Practice and Procedure: Criminal 2d* § 527 at 113 (1982) ("[I]f conviction on some counts must be set aside, the appellate court may remand the case for resentencing *if the original sentence may have been influenced* by the belief that defendant was guilty on more charges than are legally sustainable." (Emphasis added; footnote omitted) ).

M.J. 71 (C.M.A.1978), we are unpersuaded that, as a matter of law, appellant was entitled to a reduction of sentence upon reassessment. However, if the Court of Military Review chose to affirm the original sentence, he was entitled to a conscientious determination by that court that the sentence originally adjudged had not been affected by the military judge's error at trial.

Unfortunately, it is not clear that the Court of Military Review proceeded in the manner required by Article 59(a) in considering what sentence relief, if any, it should grant Sales. *See United States v. Suzuki, supra* at 249. The court below stated that the sentence adjudged was "appropriate." This term usually is associated with performance of the court's responsibility under Article 66 to assure that only an appropriate sentence is affirmed. However, it does not pertain to the court's Article 59(a) duty to determine that all prejudice caused by trial error has been removed. In short, the Court of Military Review may have considered from all the evidence that the sentence adjudged was "appropriate"—

even lenient—in light of the evidence revealed by the record. Nonetheless, it was not free to affirm that sentence unless it was also convinced that—even in the absence of the multiplicity error—the court-martial would have adjudged the same sentence.

Rather than allow any uncertainty to remain as to the mental process by which the reassessment was accomplished, we believe that a remand to the Court of Military Review is in order.[5] Thereafter, Article 67(c) will apply.

### III

The decision of the United States Air Force Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for further proceedings in which it will determine explicitly whether any sentence relief is required in order to purge the effects of the judge's multiplicity error.

Judges COX and SULLIVAN concur.

---

5. Appellate government counsel have no objection to a remand for the purpose of clarification and unaccompanied by any directive that a reduction in sentence be granted.