UNITED STATES, Appellee,

v.

Billy A. PEOPLES, Sergeant, U.S. Air Force, Appellant.

No. 62,651.
ACM 27364.

U.S. Court of Military Appeals.

Feb. 27, 1990.

For Appellant: *Major Paul H. Blackwell* (argued); *Colonel Joe R. Lamport, Major Terry M. Petrie, Captain Morris D. Davis* (on brief).

For Appellee: *Major George P. Clark* (argued); *Colonel Richard F. O'Hair, Major Frank J. Spinner* (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

A military judge sitting alone as a general court-martial tried appellant at Howard Air Force Base, Panama, for wrongful use of cocaine in July 1988 and for utterance of eight worthless checks between July 2 and August 26, 1988, in violation of Articles 112a and 123a, Uniform Code of Military Justice, 10 USC §§ 912a and 923a, respectively. After denial of a motion to suppress evidence of a urinalysis that had tested positive for cocaine, Peoples entered conditional guilty pleas to the drug charge; as to the other charge, he pleaded guilty to the lesser-included offense of dishonorably failing to maintain sufficient funds, in violation of Article 134, UCMJ, 10 USC § 934. The military judge entered findings of guilty pursuant to the pleas and sentenced appellant to a bad-conduct discharge, confinement for 10 months, and reduction to airman basic. The sentence was approved by the convening authority.

The Court of Military Review ruled that the results of the urinalysis should not have been admitted in evidence, so it set aside the findings of guilty of the drug charge and ordered that charge dismissed. The court below reassessed the sentence and affirmed only so much thereof as provided for a bad-conduct discharge, 6 months' confinement, and reduction to the lowest enlisted grade. 28 MJ 686, 688 (1989).

Peoples then moved that the Court of Military Review reconsider its decision on the ground that it had not properly applied *United States v. Sales*, 22 MJ 305 (CMA 1986), in purging the prejudicial error committed at trial. Upon reconsideration, the Court of Military Review stated that "we ... appl[ied] the principles of evaluation set forth in *Sales* when we reassessed. We were convinced that the nature and extent of the remaining charge would have resulted in a sentence at least as severe as the reassessed one even in the absence of the error we found." Unpub. op. at 2.

In the next paragraph of its *per curiam* opinion on reconsideration, the court below

observed, "In our view, a bad-conduct discharge is appropriate." Noting that Peoples was "a staff sergeant who failed to maintain sufficient funds to cover eight bad checks, totaling more than $1300, written over a six week period," the court remarked that "he had not acquired a good reputation for performance in the eyes of his commander." Then it quoted his commander's adverse comments on the Air Force Form 65, Transmittal of Court-Martial Charges. Unpub. op. at 2. Accordingly, the Court of Military Review affirmed the sentence as previously reassessed—namely, a bad-conduct discharge, confinement for 6 months, and reduction.

We granted appellant's petition for review of this issue:

> WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED BY CONSIDERING MATTERS OUTSIDE THE RECORD OF TRIAL TO PURGE APPELLANT'S SENTENCE OF PREJUDICIAL ERROR AFTER SETTING ASIDE FINDINGS OF GUILTY UNDER A CHARGE OF COCAINE USE.

His contention was that, in determining what relief, if any, to grant, the Court of Military Review improperly relied on the commander's comments on the transmittal form—which at trial had not been placed in evidence before the military judge.

### A

■ We cannot fault the logic of appellant's position. In performing its customary task of determining whether a sentence is "appropriate," the Court of Military Review would consider not only the record of trial but also the allied papers. *See United States v. Healy*, 26 MJ 394, 395 (CMA 1988). However, when error has occurred at trial which leads to setting aside some findings of guilty, another task must be performed *before* the court even reaches the question of appropriateness. Under *United States v. Sales, supra,* the Court of Military Review must first determine what sentence the court-martial would probably have adjudged if the error had not been committed at trial. *See United States v.*

*Suzuki*, 20 MJ 248, 249 (CMA 1985). No higher sentence may be affirmed by the appellate court than would have been adjudged at trial absent the error.

For example, if evidence of the positive urinalysis had never been introduced and Peoples had been acquitted on the drug charge, what is the highest sentence that the military judge would probably have adjudged? This hypothetical sentence provides a ceiling above which the Court of Military Review may not go in determining the sentence it believes to be "appropriate." However, the hypothetical sentence is not a floor for the Court of Military Review in determining an "appropriate" sentence.

In deciding what sentence the court-martial would probably have adjudged if the error had not occurred, the Court of Military Review must put itself in the shoes of the military judge or court members who originally adjudged the sentence. Therefore, it can only consider the evidence that was before the sentencing authority at trial and cannot consider evidence which was not presented at trial.

Information in the allied papers—such as the commander's recommendation in transmitting the charges on the Air Force Form 65—was not before the military judge. Indeed, the Manual for Courts–Martial, United States, 1984, provides no basis for this information to have been considered during the sentencing proceedings. *See* RCM 1001. Therefore, the information in the allied papers could not be considered by the Court of Military Review in attempting to purge the prejudice resulting from the erroneous conviction of Peoples on the drug-use charge.

■ On the other hand, once the Court of Military Review had decided what sentence the military judge would probably have adjudged on the worthless-check charge if no drug charge had been before him, it could properly consider the commander's recommendation and other information in the allied papers in deciding whether to affirm such sentence or whether a further reduction was required in or-

der to make the sentence "appropriate" for the offenses of which appellant was convicted.

Perhaps the Court of Military Review properly performed the required two-step process: first determining what sentence the military judge would have adjudged without any reference to the allied papers and thereafter deciding from the record and the allied papers what sentence was "appropriate." The language of the opinion, however, leaves us in doubt in this regard, and we need further clarification before we can conclude whether the court below acted properly.

**B**

■ Appellate defense counsel urge that, in any event, a rehearing is needed to purge the prejudicial effect of the error at trial. In *Sales* we recognized that the Court of Military Review may conclude that it simply cannot decide accurately what sentence would have been adjudged by the court-martial if the prejudicial error had not occurred; under such circumstances, it may direct a rehearing on sentence.

Appellate defense counsel now argue that, in the present case, the Court of Military Review could not have achieved the requisite degree of certainty that, if Peoples had not been found guilty of drug use, he would nonetheless have been sentenced to a punitive discharge. In this connection, they point to appellant's prior good record, the absence of evidence in aggravation, and the substantial disparity between the maximum sentence imposable for wrongful use of cocaine—a dishonorable discharge, 5 years' confinement, and total forfeitures— and the maximum sentence for the dishonorable failure to maintain sufficient funds—a bad-conduct discharge, 6 months' confinement, and total forfeitures.

The Government replies that, by virtue of their broad experience, the appellate military judges on the Court of Military Review were able accurately to determine that the military judge would have imposed a bad-conduct discharge even if Peoples had only been convicted of failing to main-

tain sufficient funds to pay the eight checks. Moreover, they point out that, although Peoples was convicted of a single specification of failing to maintain funds, he could have been prosecuted for eight separate offenses—one in connection with each of the checks he had written—and in that event the maximum punishment would have been a bad-conduct discharge, 4 years' confinement and total forfeitures.

We have great confidence in the ability of the Court of Military Review to reassess sentences in order to purge the effects of prejudicial error at trial. Furthermore, we are well aware that it is more expeditious and less expensive for the Court of Military Review to reassess the sentence than to order a rehearing on sentence at the trial level.

Nonetheless, there are occasions when the only fair course of action is to have an accused resentenced at the trial level. Thus, in *United States v. Voorhees*, 4 USCMA 509, 16 CMR 83 (1954), this Court decided that, "in view of the dismissal of all the major charges, the interests of justice will best be served by permitting a primary rather than a 'secondary and derivative' redetermination of the sentence." *Id.* at 531, 16 CMR at 105. Also, in *United States v. Dukes*, 5 MJ 71, 73 (CMA 1978), this Court directed a rehearing on sentence because it was "patently clear" that reception of certain inadmissible evidence "re-sulted in a more severe punishment than would have been imposed if" that evidence had not been received.

■ When we consider the totality of the circumstances—including the possible "spillover effect" from the drug conviction on the sentence that was adjudged by the military judge, *see United States v. Hogan*, 20 MJ 71 (CMA 1985)—we are not convinced that the Court of Military Review could determine accurately that a bad-conduct discharge would have been adjudged at trial if Peoples had been tried for and convicted only of the Article 134 check offense. Accordingly, we conclude that, if a bad-conduct discharge is to be imposed on appellant, this should be done pursuant to the sentence of a court-martial which has not considered inadmissible evidence of his drug use.

## C

The decision of the United States Air Force Court of Military Review (on reconsideration) as to sentence is reversed. The record of trial is returned to the Judge Advocate General of the Air Force for resubmission to that court, which may approve a sentence that does not include a discharge or which may set aside the sentence and order a rehearing on sentence.

Judges COX and SULLIVAN concur.