UNITED STATES, Appellee

v.

Robert L. JONES, Jr., Seaman Recruit
U.S. Navy, Appellant.

No. 93–0075.
CMR No. 91 1064.

U.S. Court of Military Appeals.

Argued Dec. 2, 1993.

Decided June 17, 1994.

For Appellant: *Lieutenant L.M. Higdon,* JAGC, USNR (argued); *Lieutenant Karen M. Miller,* JAGC, USNR.

For Appellee: *Major Laura L. Scudder,* USMC (argued); *Colonel T.G. Hess,* USMC, and *Captain Michael K. Lambert,* USMCR (on brief).

### Opinion of the Court

COX, Judge:

On March 1, 1991, appellant was tried by special court-martial before a military judge alone. Contrary to his plea, he was convicted of one specification of unauthorized absence from February 21, 1972, to April 19, 1990, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. Pursuant to his pleas, he was convicted of two additional specifications of unauthorized absence: one from May 10 to 20, 1990, and the other from May 22, 1990, until January 11, 1991, which was terminated by apprehension. Appellant was sentenced to a bad-conduct discharge, confinement for 140 days, and forfeiture of $300 pay per month for 4 months. The convening authority approved the sentence. The Court of Military Review set aside the finding of guilty to the 18–year unauthorized absence, affirmed the findings as to the other two specifications of unauthorized absence, then reassessed and affirmed the sentence in an unpublished opinion dated January 31, 1992. We granted review of the following issue: *

> WHETHER THE COURT OF MILITARY REVIEW'S REASSESSMENT OF THE SENTENCE VIOLATED THIS COURT'S MANDATE IN *UNITED STATES v. PEOPLES,* 29 MJ 426 (CMA 1990).

Before the Court of Military Review, appellant raised the issue of ineffective assistance of counsel based on trial defense counsel's failure to introduce any evidence on the contested offense alleging unauthorized ab-

---

* We also agreed to review:
> WHETHER THE JUDGE ADVOCATE GENERAL'S APPOINTMENT OF THE MILITARY JUDGE VIOLATED THE UNITED STATES CONSTITUTION'S APPOINTMENTS CLAUSE.

sence from February 21, 1972, until April 19, 1990. The piece of evidence appellant asserts should have been presented was a copy of a message from the Navy Recruiting District in Columbus, Ohio, dated July 16, 1972, indicating someone identified as appellant was apprehended by civilian authorities and released to military authorities on July 6, 1972, and that the person in custody denied being in any branch of the military. There was conflicting evidence as to whether the message was available to trial defense counsel before trial. Rather than ordering a hearing pursuant to *United States v. DuBay,* 17 USCMA 147, 37 CMR 411 (1967), to determine the issue of ineffectiveness of counsel, the Court of Military Review, "[i]n the interest of judicial efficiency and economy," disapproved the finding of guilty as to the specification alleging the 18–year unauthorized absence. CMR unpub. op. at 4. Nevertheless, the court reassessed and affirmed appellant's approved sentence to a bad-conduct discharge, confinement for 140 days, and forfeiture of $300 pay per month for 4 months. Because appellant had served his sentence to confinement at that time, the only real question before the Court of Military Review was whether to approve the bad-conduct discharge.

■ Appellant contends that the Court of Military Review abused its discretion in not altering his sentence after disapproving the finding of guilty to by far the most serious specification against him. He asks this Court to remand his case to the Court of Military Review with a mandate to approve a sentence not including a bad-conduct discharge or to order a rehearing on sentence.

■ Traditionally, this Court has avoided making sentence-appropriateness determinations. *United States v. Olinger,* 12 MJ 458, 460 (CMA 1982); *United States v. Dukes,* 5 MJ 71, 72–73 (CMA 1978). Sentence reas-

---

This issue has been resolved in favor of the Government in *Weiss v. United States,* — U.S. —, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994). *See also United States v. Rice,* 36 MJ 264 (CMA 1993).

sessment is within the province of the Court of Military Review, which has unique fact-finding powers pursuant to Article 66, UCMJ, 10 USC § 866. *United States v. Olinger,* 12 MJ at 461, *citing United States v. Christopher,* 13 USCMA 231, 236, 32 CMR 231, 236 (1962).

When there has been error at the court-martial, the Court of Military Review must try to determine what the sentence would have been absent the error. *United States v. Sales,* 22 MJ 305, 307 (CMA 1986). If the court cannot make such a determination, then it must order a rehearing. *United States v. Poole,* 26 MJ 272, 274 (CMA 1988); *United States v. Sales,* 22 MJ at 307. The decision of whether to order a rehearing is left to the Court of Military Review. *United States v. Poole,* 26 MJ at 274; *United States v. Sales,* 22 MJ at 307. In making its decision, the court must be careful not to substitute its own judgment for that of the sentencing authority. *United States v. Reed,* 33 MJ 98 (CMA 1991).

If the Court of Military Review can determine that "the accused's sentence would have been at least of a certain magnitude," the court may reassess the sentence, and a sentence of the severity which would have been adjudged or less will be free of prejudicial error. *United States v. Sales,* 22 MJ at 307 and 308. *See United States v. Reed,* 33 MJ at 99; *United States v. Suzuki,* 20 MJ 248, 249 (CMA 1985) (the Court of Military Review must assess a sentence no greater than that which would have been adjudged absent the error). The sentence actually adjudged at the court-martial and the highest sentence that the sentencing authority would have adjudged absent error set ceilings on punishment that can be reassessed by the Court of Military Review. *United States v. Peoples,* 29 MJ at 428; *United States v. Sales,* 22 MJ at 307, *citing* Art. 63, UCMJ, 10 USC § 863 (1983).

In reassessing the sentence within the above parameters, the Court of Military Review must ensure sentence appropriateness. Art. 66(c), UCMJ, 10 USC § 866(c). *See United States v. Peoples,* 29 MJ at 427;

*United States v. Suzuki,* 20 MJ at 249. No sentence higher than that which would have been adjudged absent error will be allowed to stand. *United States v. Peoples,* 29 MJ at 428; *United States v. Poole,* 26 MJ at 274–75. However, it is not necessary that a reduction in sentence be granted by the Court of Military Review in reassessing after a finding of guilty has been set aside. *United States v. Sales,* 22 MJ at 308. We have affirmed decisions by Courts of Military Review wherein they reassessed a sentence but imposed the same sentences after setting aside a finding of guilty. Somewhat similarly, we have affirmed sentences on the basis of lack of prejudicial impact, despite setting aside findings of guilty. *Id.*

We will only disturb the Court of Military Review's reassessment in order to "prevent obvious miscarriages of justice or abuses of discretion." *United States v. Dukes,* 5 MJ at 73. *See United States v. Roach,* 29 MJ 33, 36 (CMA 1989); *United States v. Poole,* 26 MJ at 275; *United States v. Olinger,* 12 MJ at 461. As we have stated:

> We have great confidence in the ability of the Court of Military Review to reassess sentences in order to purge the effects of prejudicial error at trial. Furthermore, we are well aware that it is more expeditious and less expensive for the Court of Military Review to reassess the sentence than to order a rehearing on sentence at the trial level.

*United States v. Peoples,* 29 MJ at 429.

In *Peoples,* we held the Court of Military Review abused its discretion in sentence reassessment. Peoples was convicted of wrongfully using cocaine and one specification of uttering eight worthless checks. He was sentenced to a bad-conduct discharge, confinement for 10 months, and reduction to airman basic. On appeal, the Court of Military Review dismissed the finding of guilty to the drug charge and reassessed Peoples' sentence, reducing the confinement to 6 months but approving the bad-conduct discharge and the reduction to airman basic. 28 MJ 686, 688 (1989). We stated: "[W]e ... [were] not convinced that the Court of Military Review could determine accurately that a bad-con-

duct discharge would have been adjudged at trial if Peoples had been tried for and convicted only of the ... check offense," which carried a maximum sentence of a bad-conduct discharge, confinement for 6 months, and total forfeitures. *United States v. Peoples*, 29 MJ at 429 and 428. The totality of the circumstances led us to conclude that Peoples was entitled to a rehearing or reduction in sentence.

Unlike *Peoples*, the Court of Military Review in the present case specifically stated that it had "reassess[ed] the sentence in accordance with the principles of *United States v. Sales*, 22 MJ at 306." Unpub. op. at 4. The most severe charge against Peoples, wrongful use of cocaine, was dismissed by the Court of Military Review, leaving the less serious offense of failing to maintain sufficient funds in his checking account. Here, one specification of unauthorized absence was dismissed while two other specifications of unauthorized absence were affirmed. The dismissed offense was more serious only in that it was for a longer duration than the other absences. While that fact could be considered in aggravation of the offense, para. 10c(4)(b), Part IV, Manual for Courts-Martial, United States, 1984, the maximum sentence did not change after the 18-year unauthorized absence was set aside but remained at the jurisdictional limits of the special court-martial. RCM 201(f)(2)(B)(i), Manual, *supra*.

Based on a message from a recruiting office which might show appellant's alleged unauthorized absence for 18 years to be less than 5 months, the Court of Military Review gave appellant the benefit of the doubt and eliminated the 18-year offense altogether. We note that appellant's sentence was well within the maximum for the remaining offenses, and appellant expressed no remorse and no interest in returning to duty but spoke only of his desire to return to his family and job. Given the state of the record, we are satisfied that a bad-conduct discharge would have been inevitable on rehearing. The Court of Military Review followed the proper analysis of *United States v. Sales*, *supra*, and we cannot say that it abused its discretion in affirming appellant's sentence on reassessment.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD, GIERKE and WISS concur.