494

UNITED STATES, Appellee,

v.

James B. DAVIS, Airman First Class,
U.S. Air Force, Appellant.

No. 97–0957.
Crim.App. No. 32243.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 14, 1998.

Decided Sept. 14, 1998.

For Appellant: *Major Carol L. Hubbard*
(argued); *Colonel Douglas H. Kohrt* (on
brief); *Lieutenant Colonel Kim L. Sheffield*
and *Major Ormond R. Fodrea.*

For Appellee: *Colonel Brenda J. Hollis*
(argued); *Major Allen G. Erickson.*

PER CURIAM:

A general court-martial composed of offi-
cer members convicted appellant, contrary to
his pleas, of assault with intent to commit
rape, in violation of Article 134, Uniform
Code of Military Justice, 10 USC § 934.
Pursuant to his pleas, the court-martial also
convicted appellant of wrongfully using mari-
juana, in violation of Article 112a, UCMJ, 10

USC § 912a. The adjudged and approved sentence provides for a bad-conduct discharge, confinement for 6 months, total forfeitures, and reduction to the lowest enlisted grade.[1]

The Court of Criminal Appeals, 1997 WL 206033, held that the military judge erred by not instructing the members on indecent assault, a lesser offense included in assault with intent to commit rape. Unpub. op. at 2–3. The court below affirmed only the lesser offense of indecent assault; it reassessed and affirmed the sentence. *Id.* at 5. Appellant contends that the court below erred by not ordering a sentence rehearing. We granted review. 48 MJ 327 (1997).

The charges arose when appellant and two friends met three young women at a camp site. The group talked, drank alcoholic beverages, and smoked marijuana. Two of the women returned to their tent and fell asleep. Appellant entered the tent, pulled up one woman's shirt, unbuttoned her shorts, and was kneeling between her legs when one of the women awoke and cried out. Appellant fidgeted with his clothing for a few seconds and then left the tent. Unpub. op. at 2.

■ After a Court of Criminal Appeals sets aside a guilty finding, it "must first determine what sentence the court-martial would probably have adjudged if the error had not been committed at trial. No higher sentence may be affirmed by the appellate court than would have been adjudged at trial absent the error." *United States v. Peoples,* 29 MJ 426, 427–28 (CMA 1990) (citation omitted). The court may reassess a sentence instead of ordering a sentence rehearing, if it "confidently can discern the extent of the error's effect on the sentencing authority's decision." *United States v. Reed,* 33 MJ 98, 99 (CMA 1991). The legal test on appeal is whether the sentence assessed by the lower court " 'is appropriate in relation to the affirmed findings of guilty' so as to 'assure that the sentence is no greater than that which would have been imposed if the prejudicial error had not been committed.' " *United States v. Poole,* 26 MJ 272, 274–75 (CMA 1988). We review the lower court's assessment for abuse of discretion, and "[w]e will only disturb the [lower court's] reassessment in order to 'prevent obvious miscarriages of justice or abuses of discretion.' " *United States v. Jones,* 39 MJ 315, 317 (CMA 1994).

■ Applying the foregoing principles, we hold that the court below did not abuse its discretion. After that court reduced the offense from assault with intent to commit rape to indecent assault, appellant remained convicted of a serious sexual offense in addition to wrongful use of marijuana. Although we agree with the dissenting judge that the word "rape" can cause "a sense of outrage" in some cases, 48 MJ at 496, it is clear from the record that the court members were not outraged in this case. Even though they were sitting as a general court-martial, they imposed a special court-martial sentence. They sentenced appellant to a mere 6 months' confinement, even though he was facing confinement for 22 years for the 2 offenses. *See* paras. 37e(1)(b) and 64e(1), Part IV, Manual for Courts–Martial, United States (1995 ed.). If the court-martial had convicted appellant of indecent assault instead of assault with intent to commit rape, he still would have been facing total confinement for 7 years (para. 63e, Part IV, Manual, *supra* ), far more than the 6 months that was adjudged.

Based on its review of the record, the court below "believe[d] that the members sentenced appellant for his actions and not the name of his offense."[2] The record amply

---

1. The court-martial order (GCMO 3) and the opinion of the court below erroneously list appellant's rank as airman basic. He was an airman first class at the time of trial.

2. The dissenting judge refers to a post-trial statement submitted by a court member, Captain (Capt) Hoang. 48 MJ at 497. We do not decide whether the statement violates Mil.R.Evid. 606(b) and RCM 923, Manual for Courts–Martial, United States (1995 ed.). *See United States v. Loving,* 41 MJ 213, 234–39 (1994), *aff'd on other grounds,* 517 U.S. 748, 116 S.Ct. 1737, 135 L.Ed.2d 36 (1996). While Capt Hoang asserted that the finding "might have been different" if indecent assault had been an option, he made no comments regarding the sentence. He requested only "that clemency be granted in the form of finding A1C Davis guilty of indecent assault."

demonstrates that the maximum imposable punishment was not a significant factor in sentencing. The court below, citing *United States v. Sales,* 22 MJ 305 (CMA 1986), and *United States v. Suzuki,* 20 MJ 248 (CMA 1985), concluded that "absent the error the members would have imposed the same sentence." Unpub. op. at 3. In so doing, the court below did not seek to substitute its judgment for that of the sentencing authority, but instead performed the function required by our decisions in *Sales* and *Suzuki.* In that regard, it is noteworthy that, in *Sales,* we remanded the case for further action by the court below when it found error, but only concluded that the sentence was "appropriate." We noted, citing *Suzuki* and Article 59(a), UCMJ, 10 USC § 859(a), that the court below has two separate functions with respect to sentencing—assessing the prejudice of any error and determining sentence appropriateness. We stated that, if the court "chose to affirm the original sentence, [the accused] was entitled to a conscientious determination by that court that the sentence originally adjudged had not been affected by the military judge's error at trial." We added that the court "was not free to affirm that sentence unless it was also convinced that—even in the absence of the ... error—the court-martial would have adjudged the same sentence." 22 MJ at 309.

In the present case, the court below made the determination required by *Suzuki* and *Sales.* Unpub. op. at 3. In view of the appellate record before us, particularly the relatively light nature of the sentence in this case, we find no abuse of discretion or miscarriage of justice.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

SULLIVAN, Judge (dissenting):

Appellant was found guilty of using marijuana and assault with intent to commit rape, in violation of Articles 112a and 134, Uniform Code of Military Justice, 10 USC §§ 912a and 934, respectively. The members were instructed that the maximum confinement authorized for these offenses included, *inter*

*alia,* 22 years of confinement. The members sentenced appellant to a bad-conduct discharge, 6 months' confinement, total forfeitures, and reduction to E–1.

In an unpublished opinion, the Court of Criminal Appeals set aside appellant's conviction for assault with intent to commit rape, but affirmed a finding of guilty to the lesser-included offense of indecent assault. It then determined that no sentence relief was required. It said:

> Next, we must determine if this substitution in the findings requires any sentence relief. The members were well aware of both the circumstances surrounding the offense as well as the appellant's background and mitigation. We believe that the members sentenced appellant for his actions and not the name of his offense. *We further believe that absent the error the members would have imposed the same sentence. United States v. Sales,* 22 MJ 305 (CMA 1986); *United States v. Suzuki,* 20 MJ 248 (CMA 1985). Moreover, that sentence is appropriate. *United States v. Healy,* 26 MJ 394 (CMA 1988).

Unpub. op. at 3 (emphasis added).

As I will show, this holding by the lower court and the majority opinion of this Court affirming it on the basis of our decision in *United States v. Jones,* 39 MJ 315, 317 (CMA 1994), are legally incorrect.

Turning again to the facts of this case, I initially note that the decision of the Court of Criminal Appeals substantially changed the severity of the offenses for which appellant was charged and found guilty at his criminal trial. *See United States v. Peoples,* 29 MJ 426 (CMA 1990). The rape-related finding by the jury, as compared to the original marijuana offense, was clearly the more serious conviction. It is my view that there is a major difference between a man being charged with a rape offense on the one hand and an assault offense on the other. The very word "rape" is one of the few words describing a crime that may have the effect of engendering a sense of outrage in a "reasonable person" sitting on a jury. It is quite

The court below did exactly what Capt Hoang requested.

a different matter to be on trial for *rape* than to be on trial for assault following an alcohol and marijuana laced party at a camp site.

Thus, the reduction by the Court of Criminal Appeals of the charge from assault with intent to commit rape to the lesser charge of indecent assault was a significant change in the circumstances of appellant's trial. This alone may be reason enough for a resentencing. Moreover, the remaining indecent-assault conviction reduced the maximum authorized confinement from 22 years to 7 years. Paras. 63(e) and 64(e)(1), Part IV, Manual for Courts–Martial, United States (1995 ed.). This is not the same situation as in *Jones,* where one of three unauthorized-absence convictions was set aside, but the maximum authorized confinement remained at 6 months. Accordingly, one of the cases (*Jones*) the majority relied upon for its "foregoing principles," 48 MJ at 495, simply does not apply to the circumstances of this case.

In addition, under the circumstances of this case, it defies reality to believe the following, as the lower court did (and now the majority of this Court does):

> We further believe that absent the error the members would have imposed the same sentence.

Unpub. op. at 3.

How can the lower court say that? How can they read the jury's mind in this case? It simply defies logic to suggest that the members would have imposed the same punishment for an indecent assault (with maximum authorized confinement of 5 years) as it would have for an assault with intent to commit rape (with maximum authorized confinement of 20 years). As a part of his clemency submission, appellant obtained a statement from Captain Tuan A. Hoang, one of the panel members. In part that statement says:

> The verdict for assault with intent to commit rape was not unanimous and the issue of A1C Davis's intent was the focus of much discussion by the members of the jury. I now am aware that indecent assault is a lesser included offense of assault with intent to commit rape. It is my opinion ... that had we been instructed on indecent assault our verdict might have been different.

"When an error occurs at trial that impacts on the accused's sentence, the accused is entitled to be made whole on appeal." *United States v. Reed,* 33 MJ 98, 99 (CMA 1991). The court below may adjust the sentence based on an error only if it can discern the extent of the error's effect on the sentencing authority. *United States v. Sales,* 22 MJ 305, 308 (CMA 1986). In no instance, however, may an appellate authority substitute its own judgment as to the appropriateness of the sentence, notwithstanding the error and its effect on the sentencing authority in arriving at that sentence. *United States v. Suzuki,* 20 MJ 248, 249 (CMA 1985).

There is simply *no reasonable basis* to conclude that the members would have sentenced appellant to the identical sentence even if he had not been convicted of an assault with the intent to rape. Moreover, it is impossible to say that the convening authority would not have been more favorably inclined to grant clemency if appellant had not been convicted of the more egregious assault. The only way of determining whether the members would have imposed the same sentence would be to order a rehearing. That is what I would do in this case. That is why *I dissent.*