**UNITED STATES, Appellee,**

v.

**Wade P. HAWES, Second Lieutenant, U.S. Air Force, Appellant.**

No. 98–0199.
Crim.App. No. 32481.

U.S. Court of Appeals for the Armed Forces.

Argued Feb. 11, 1999.

Decided Aug. 13, 1999.

GIERKE, J., delivered the opinion of the Court, in which COX, C.J., and CRAWFORD and EFFRON, JJ., joined. SULLIVAN, J., filed a dissenting opinion.

For Appellant: *Captain Natasha V. Wrobel* (argued); *Colonel Douglas H. Kohrt* and *Captain Michael J. Apol* (on brief); *Lieutenant Colonel Kim L. Sheffield* and *Lieutenant Colonel Ray T. Blank.*

For Appellee: *Major Steven B. Thompson* (argued); *Lieutenant Colonel Michael J. Breslin* and *Captain Steven D. Dubriske* (on brief); *Colonel Brenda J. Hollis, Lieutenant Colonel Anthony P. Dattilo, Major Allen G. Erickson,* and *Major Ronald A. Rodgers.*

Judge GIERKE delivered the opinion of the Court.

Before a military judge sitting as a general court-martial, appellant pleaded guilty to wrongfully using marijuana but not guilty to fraternization, in violation of Articles 112a and 134, Uniform Code of Military Justice, 10 USC §§ 912a and 934, respectively. The military judge found appellant guilty of wrongfully using marijuana, as alleged. The fraternization specification alleged that ap-

pellant, a second lieutenant, hosted three enlisted airmen at his home, accompanied them to public locations for personal, social reasons, consumed alcohol with them, allowed the airmen to address him by his first name, and did not require them to extend any military courtesies to him. The military judge also found appellant guilty of fraternization, but only for allowing the airmen to address him by his first name. The adjudged and approved sentence provides for a dismissal, reprimand, and forfeiture of $500.00 pay per month for 2 months.

The Court of Criminal Appeals set aside appellant's conviction of fraternization, applying its statutory factfinding powers under Article 66(c), UCMJ, 10 USC § 866(c), and stating, "[W]e are not convinced beyond a reasonable doubt that appellant's conduct amounted to fraternization." Unpub. op. at 3. The court then reassessed and affirmed the sentence, reasoning as follows:

> Reassessing appellant's sentence in light of only the remaining marijuana use offense, we are convinced it would have been the same. *United States v. Peoples*, 29 MJ 426 (CMA 1990). The fraternization offense was relatively trivial in comparison to appellant's drug use with an airman.

Unpub. op. at 4.

This Court granted review of the following issue:

> WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED BY FAILING TO ORDER A REHEARING ON SENTENCE AFTER IT DISMISSED THE CHARGE OF FRATERNIZATION.

We affirm the decision of Court of Criminal Appeals, for the reasons set out below.

The facts on which the court below set aside the conviction of fraternization and reassessed the sentence are summarized in the court's unpublished opinion, as follows:

> Appellant was a 25–year–old Air Force Academy graduate serving as a combat missile crew commander at Malmstrom Air Force Base, Montana. He encountered Senior Airman (SrA) Frimodt, a close friend and classmate since kindergarten, after arriving at Malmstrom. The two had lived 12 houses apart on the same street growing up.

> SrA Frimodt was a security policeman assigned to missile security duties. He lived in Great Falls, Montana, with his wife and child in a basement apartment. Appellant lived outside of town on a small ranch. Frimodt and his family visited appellant at his ranch, where they would play with appellant's puppies and ride appellant's horses. Frimodt would also visit appellant's ranch alone or with airmen friends, JV and RN. They would shoot on appellant's target range, ride horses, or see the puppies.

> JV and RN were assigned to missile security duties with Frimodt. RN eventually bought one of the puppies from appellant at fair market price. During most of the visits to appellant's ranch by Frimodt with his family or friends, appellant was not present. On other occasions, they saw appellant but did not visit with him. On a few occasions, appellant was present and spoke to the visitors and, at least once, offered refreshments to his visitors.

> SrA Frimodt never called appellant by his first name while on duty. During the few times they met on duty, Frimodt always addressed appellant as sir or by his rank and rendered the expected military courtesies. However, while off-duty at appellant's ranch, Frimodt occasionally called appellant by his first name. Frimodt initially introduced appellant to JV as "my friend, Wade Hawes." All three airmen knew appellant was an officer at the time of the alleged fraternization. With Frimodt present, JV and RN both called appellant by his first name on one or two occasions at appellant's ranch. JV and RN never addressed appellant by his first name if they encountered him on-duty. Appellant never corrected any of the enlisted men when they used his first name, but he did not encourage it nor did he have much contact with them when they visited the ranch.

> In March 1996, Frimodt called appellant and told him that he had talked to a mutual civilian friend from high school who now

lived in Helena, Montana. The friend said he would like to see appellant. Frimodt told appellant he was driving to Helena the next day and offered to give him a ride. Appellant accepted the offer and agreed to meet at Frimodt's house the next morning. When appellant arrived, Frimodt, JV, and RN were all present. Frimodt had not told appellant the other two would be going along. RN drove to Helena with appellant as a passenger in the back seat. When they arrived, all four went fishing, but appellant fished alone about 100 yards from the others. Because of bad weather, they ceased fishing and went to a local restaurant where they all ate and drank some beer together. While at the restaurant, appellant encountered a civilian he had met at a rodeo. They all agreed to go to a bar together.

While at the bar, the three airmen played pool and drank beer while appellant sat alone at the bar and drank beer. He didn't play pool with them. The civilian from the Rodeo arrived with another civilian and the two of them went outside with appellant and Frimodt. While there, appellant and Frimodt smoked marijuana provided by the civilians using a pipe made from a modified coke can. The three airmen later returned to Great Falls, and appellant waited in the bar for his high school friend. He returned to Great Falls the next day with his girlfriend who picked him up in her car. During this trip to Helena, all three airmen may have called appellant by his first name on occasion without objection from appellant. It is unclear how often this occurred, but it was a few times at most.

*Id.* at 1–3.

Appellant now contends that the Court of Criminal Appeals was required to order a sentence rehearing because it could not possibly determine what appellant's sentence would have been without the fraternization conviction, since both offenses carry the same maximum punishment. Both offenses are punishable by dismissal, total forfeitures, and confinement for 2 years. *See* paras.

37e(1)(b) and 83e, Part IV, Manual for Courts–Martial, United States (1995 ed.), and RCM 1003(b)(9)(A) and (B), Manual, *supra.** The Government argues that the court below did not abuse its discretion because the record supports its conclusion that the fraternization was a trivial offense.

When a Court of Criminal Appeals sets aside a finding of guilty, it may purge the prejudicial impact of the error by reassessing the sentence, if it can determine that "the accused's sentence would have been at least of a certain magnitude." *United States v. Jones,* 39 MJ 315, 317 (CMA 1994), quoting *United States v. Sales,* 22 MJ 305, 307 (CMA 1986). "No higher sentence may be affirmed by the appellate court than would have been adjudged at trial absent the error." *United States v. Davis,* 48 MJ 494, 495 (1998), quoting *United States v. Peoples,* 29 MJ 426, 427–28 (CMA 1990). The Court of Criminal Appeals may purge the prejudicial impact of the error by reassessing the sentence instead of ordering a rehearing, "if it 'confidently can discern the extent of the error's effect on the sentencing authority's decision.'" 48 MJ at 495, quoting *United States v. Reed,* 33 MJ 98, 99 (CMA 1991).

We review the lower court's reassessment for abuse of discretion. "We will only disturb the [lower court's] reassessment in order to 'prevent obvious miscarriages of justice or abuses of discretion.'" 48 MJ at 495, quoting *United States v. Jones,* 39 MJ 315, 317 (CMA 1994).

Appellant has the burden of persuading us that the court below abused its discretion. We are not persuaded. The military judge acquitted appellant of most of the fraternization allegations and convicted him only of permitting a breach of military courtesy in an off-duty setting. The Court of Criminal Appeals relied upon its military experience and expertise and concluded that the fraternization offense was trivial in comparison to appellant's use of marijuana and that appellant would have received "at least" a dismissal, a reprimand, and the modest forfeitures adjudged. On this record, we are

---

* These provisions are unchanged in the 1998 edi-   tion.

not persuaded that there has been an obvious miscarriage of justice or abuse of discretion.

We do note, however, that while the court below set aside the fraternization conviction and thereby removed that conduct from this case, it did not remove the reference to "fraternization" from appellant's reprimand. To ensure that the impact of appellant's conviction of fraternization is fully removed from his sentence, we will set aside so much of the reprimand as reads, "and fraternization with enlisted subordinates."

The decision of the United States Air Force Court of Criminal Appeals is affirmed, except for so much of its decision as affirms the portion of the reprimand containing the words "and fraternization with enlisted subordinates." Those words are stricken from the reprimand.

SULLIVAN, Judge (dissenting):

I disagree with the majority opinion as I did in *United States v. Davis*, 48 MJ 494, 496 (1998)(Sullivan, J., dissenting). The facts of this case make it highly unlikely that appellant would receive the exact "same sentence" at a sentence rehearing. *Id.*, citing *United States v. Sales*, 22 MJ 305 (CMA 1986); *cf. United States v. Jones*, 39 MJ 315, 317 (CMA 1994) (reassessment appropriate where "the accused's sentence would have been at least of a certain magnitude").

Appellant was found guilty of two offenses, the marijuana offense to which he pleaded guilty and the fraternization offense to which he pleaded not guilty. The fact that the present findings include only the offense to which he pleaded guilty clearly puts him in a more favorable posture before the sentencing court.

Also, each offense carried the same authorized maximum punishment, a dismissal, forfeiture of all pay and allowances, and 2 years' confinement. *See* paras. 37e(1)(b) and 83(e), Manual for Courts–Martial, United States (1995 ed.). Can it reasonably be said that reduction of 50% in the maximum authorized punishment would have no effect on the adjudged punishment? Would none of the $1,000 in forfeitures be reduced?

The Court of Criminal Appeals' reassessment is wrong because it is highly unlikely that appellant would have gotten the *exact* same sentence if he had been tried for one felony crime rather than two. The court below may be expert in reassessing sentences, but it cannot read the minds of a jury and a convening authority in a case like this, where there is a major reduction of the crimes upon which the sentence is fashioned. I would remand for a rehearing on sentence.