UNITED STATES, Appellee,

v.

Ronald L. HARRIS, Sergeant,
U.S. Army, Appellant.

No. 99–0731.
Crim.App. No. 9301182.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 29, 2000.

Decided June 5, 2000.

EFFRON, J., delivered the opinion of the Court, in which SULLIVAN, J., and COX, S.J., joined. GIERKE, J., filed an opinion concurring in the result, in which CRAW-FORD, C.J., joined.

For Appellant: *Captain Joshua E. Braunstein* (argued); *Colonel Adele H. Odegard, Major Scott R. Morris* and *Major Kirsten V.C. Brunson* (on brief).

For Appellee: *Captain Katherine M. Kane* (argued); *Colonel Russell S. Estey* and *Lieutenant Colonel Eugene R. Milhizer* (on brief).

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer members convicted appellant, contrary to his pleas, of dereliction of duty, maltreatment of a soldier, rape, and adultery, in violation of Articles 92, 93, 120, and 134, Uniform Code

of Military Justice, 10 USC §§ 892, 893, 920, and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 10 years, and reduction to the lowest enlisted grade. The convening authority approved that portion of the sentence that provided for a dishonorable discharge, confinement for 5 years, and reduction to the lowest enlisted grade.

The Court of Criminal Appeals set aside the findings of guilty for the maltreatment and rape charges and conditionally set aside the sentence. 41 MJ 890, 895 (1995). The lower court decreed that the same or a different convening authority could order a rehearing on the rape and maltreatment offenses, or if such a hearing was impracticable, could order a rehearing on sentence for the remaining findings of guilty of dereliction of duty and adultery. As a further option, the court gave the convening authority the option of reassessing appellant's sentence if a rehearing on sentence was impracticable. The convening authority chose reassessment, approving a sentence that included a bad-conduct discharge, confinement for 10 months, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the reassessed sentence in an unpublished opinion.

On appellant's petition, we granted review of the following issues:

I. WHETHER THE ARMY COURT OF CRIMINAL APPEALS ABUSED ITS DISCRETION BY ORDERING THE CONVENING AUTHORITY IN APPELLANT'S CASE TO EITHER CONDUCT A REHEARING OR REASSESS APPELLANT'S SENTENCE WHERE THE ARMY COURT OF CRIMINAL APPEALS SET ASIDE CHARGES THAT WERE VASTLY MORE SEVERE THAN THE REMAINING CHARGES AND REASSESSMENT BY THE CONVENING AUTHORITY WAS NOT A PROPER ALTERNATIVE.

II. WHETHER THE COURT OF CRIMINAL APPEALS, IN REVIEWING THE SENTENCE AFTER REASSESSMENT BY THE CONVENING AUTHORITY, ERRED BY NOT SPECIFICALLY DETERMINING WHETHER THE REASSESSED SENTENCE PROVIDED APPROPRIATE RELIEF REQUIRED BY *UNITED STATES V. SALES*, 22 MJ 305 (CMA 1986), AND *UNITED STATES V. JONES*, 39 MJ 315 (CMA 1994).

For the reasons discussed below, we reverse the decision of the Court of Criminal Appeals.

I. Background

During its initial review of this case, the Court of Criminal Appeals held that the military judge erred by not allowing the defense to present evidence of the alleged victim's prior conviction for solicitation. The court set aside the findings of guilty for the rape and maltreatment charges, affirmed the unrelated findings of guilty for the remaining charges of dereliction of duty and adultery, and conditionally set aside appellant's sentence. The court provided the convening authority with three options: (1) order a rehearing on the rape or maltreatment charges (or both) and the sentence; (2) if the first option was impracticable, dismiss the rape and maltreatment charges and order a rehearing on sentence; or (3) if the second option was impracticable, reassess the appellant's sentence.

On remand, the staff judge advocate recommended that the convening authority dismiss the rape and maltreatment charges and reassess appellant's sentence to include a bad-conduct discharge, confinement for 10 months, and reduction to the lowest enlisted grade. Defense counsel objected, contending that the recommendation did not explain why a rehearing on sentence was impracticable and did not provide a record-specific basis for the new sentence. Defense counsel also asserted that reassessment was not appropriate in view of the disparity between the dismissed charges and the remaining charges. The staff judge advocate adhered to his original recommendation, noting in an addendum that rehearings were impracticable because the key witness could not be located and the record of trial was insufficient for these purposes. The convening authority accepted the staff judge advocate's

recommendation, dismissing the rape and maltreatment charges and modifying the sentence to include a bad-conduct discharge, confinement for 10 months, and reduction to the lowest enlisted grade.

Appellant asked the Court of Criminal Appeals to order a sentence rehearing on the grounds that the convening authority failed to show good cause for not ordering such a proceeding. The court, however, rejected appellant's request and affirmed the sentence as reassessed in an unpublished opinion. Neither the staff judge advocate's recommendation nor the lower court's opinion stated whether the reassessed sentence afforded appellant appropriate relief under the criteria established by *United States v. Sales,* 22 MJ 305 (CMA 1986), and *United States v. Jones,* 39 MJ 315 (CMA 1994).

## II. Discussion

▮▮▮ A Court of Criminal Appeals may purge the prejudicial impact of an error at trial if it can determine that "the accused's sentence would have been at least of a certain magnitude." *Jones, supra* at 317, quoting *Sales, supra* at 307. "No sentence higher than that which would have been adjudged absent error will be allowed to stand." *Jones, supra* at 317, quoting *United States v. Peoples,* 29 MJ 426, 428 (CMA 1990). If the court cannot determine that the sentence would have been at least of a certain magnitude absent the error, it must order a rehearing. *See United States v. Poole,* 26 MJ 272, 274 (CMA 1988). The court must make the same determination if a sentence has been reassessed by a convening authority upon remand. *See* RCM 1107(e)(1)(B), Discussion, Manual for Courts–Martial, United States (1998 ed.).

▮▮▮ A sentence reassessment is reviewed for an abuse of discretion. "We will only disturb the [lower court's] reassessment in order to 'prevent obvious miscarriages of justice or abuses of discretion.'" *United States v. Hawes,* 51 MJ 258, 260 (1999), quoting *United States v. Davis,* 48 MJ 494, 495 (1998), and *Jones, supra* at 317. In the present case, appellant was convicted of rape, maltreatment, dereliction of duty, and adultery. He faced a maximum potential punishment which included life imprisonment, total forfeitures, and a dishonorable discharge for the rape charge alone. *See* para. 45e(1), Part IV, Manual, *supra* (the charge was not referred as capital in this case). After dismissal of the rape and maltreatment charges, appellant faced a maximum potential punishment of 18 months confinement, total forfeitures, and a dishonorable discharge for the dereliction of duty and adultery charges. *See* paras. 16e(3)(B) and 62e, Part IV, Manual, *supra.*

The elimination of the rape and maltreatment charges drastically changed the penalty landscape in this case, reducing the maximum confinement term from life imprisonment to 18 months. Given the vast disparity between the maximum punishments for the offenses dismissed and those affirmed, it is not possible for a court to ascertain that appellant's sentence would have been no greater than a bad-conduct discharge and 10 month's confinement absent the error at trial. This case presents one of those "occasions when the only fair course of action is to have an accused resentenced at the trial level." *Peoples, supra* at 429.

In view of our disposition of the first issue in this case, the second is moot.

## III. Conclusion

The decision of the United States Army Court of Criminal Appeals dated August 21, 1996, is affirmed as to findings but reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Army for a rehearing on sentence.

GIERKE, Judge, with whom CRAWFORD, Chief Judge, joins (concurring in the result):

By deciding this case on the basis of the first granted issue, this Court appears to hold that the Court of Criminal Appeals erred by giving the convening authority an option to order a rehearing or reassess the sentence. The majority appears to say that no convening authority could have properly reassessed the sentence and that no reassessment, no matter how generous to appellant, could satisfy the criteria established by this Court. It implies that, even if the con-

vening authority had reassessed the sentence and drastically reduced it, e.g., by approving only a one-grade reduction, this Court could not be satisfied that, absent the error, the sentence would have been at least of that magnitude. *United States v. Sales*, 22 MJ 305, 307 (CMA 1986). I cannot support that position.

In my view, the court below did not err by giving the convening authority the option to reassess the sentence. The error occurred when the convening authority exercised his option to reassess but did not apply the *Sales* criteria. His error was compounded by the failure of the court below to correct it.

Neither the staff judge advocate's recommendation nor the convening authority's action reflects cognizance of the *Sales* criteria for sentence reassessment. The court below could have remedied these deficiencies by specifically applying *Sales* in its review of the convening authority's action, but it did not.

In my view, the court below abused its discretion by failing to review the convening authority's reassessment under the *Sales* criteria. *See United States v. Taylor*, 47 MJ 322, 325 (1997). Thus, we are confronted with a sentence reassessment but no indication of the criteria under which that reassessment was made. Ordinarily, my preference would be to return the case to the court below for reconsideration under *Sales*. However, as the court below was afforded the opportunity to correct the error after the first remand and failed to apply the correct legal standard, I join the majority in ordering a sentence rehearing.