UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 SCHENCK, COOK, and WALBURN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist SHANE C. GONYON
 United States Army, Appellant

 ARMY 20061060

 Headquarters, Multi-National Corps - Iraq
 Michael J. Nelson, Military Judge
 Colonel Michelle M. Miller, Staff Judge Advocate (recommendation)
 Colonel Mark Cremin, Staff Judge Advocate (addendum)

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks, JA; Major Fansu Ku, JA; Captain Seth A. Director, JA
(on brief); Captain William Jeremy Stephens, JA; Major Teresa L. Raymond,
JA.

For Appellee: Colonel John W. Miller II, JA; Major Elizabeth G. Marotta,
JA; Captain Michael C. Friess, JA; Captain James T. Dehn, JA (on brief).

 28 March 2008

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------
Per Curiam:

 Appellant asserts, and the government concedes, that the military
judge erred in accepting appellant’s guilty plea to fraudulently enlisting
in the Michigan Army National Guard. We agree and will return this case to
the convening authority for additional action.

 “For purposes of federal court-martial jurisdiction, a member of the
[National] Guard must be in federal service at the time of the offense and
at the time of trial. See Rules for Courts-Martial [hereinafter R.C.M.]
201(b)(4) and (5); see also R.C.M. 202(a)(5) (Discussion); R.C.M. 204(a)
(Discussion).” United States v. Wilson, 53 M.J. 237, 239 (C.A.A.F. 2000).
For purposes of court-martial jurisdiction under Article 83, Uniform Code
of Military Justice, appellant was not yet in “federal service” at the time
the alleged offense of fraudulent enlistment was committed.

 Appellant also alleges his trial defense counsel was ineffective for
failing to submit clemency matters on his behalf. Based on our decision,
this issue is mooted; appellant may submit clemency matters prior to the
convening authority again taking action.[1]

 The findings of guilty to Additional Charge 1 and its Specification
are set aside and dismissed. The remaining findings of guilt are affirmed.
 The sentence is set aside. Accordingly, we will return this case for a
sentence rehearing. A rehearing on the sentence may be ordered by the same
or a different convening authority. If a rehearing is deemed impractical,
the convening authority may conduct a sentence reassessment.[2] The
convening authority shall permit appellant an opportunity to submit matters
pursuant to R.C.M. 1105 and 1106 prior to taking action.[3]

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] Our decision also moots appellant’s claim that the staff judge advocate
(SJA) recommendation was improperly served on his defense counsel.
Additionally, our decision addresses appellant’s personal submissions under
United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982).

[2] When a convening authority disapproves findings based on legal error
prior to reassessing the sentence, the SJA must advise the convening
authority regarding his responsibilities to reassess the sentence in light
of the error and to make a determination of sentence appropriateness under
R.C.M. 1107(d)(2).

 In such cases, the SJA must ensure the convening authority
 understands two separate but distinct responsibilities: first, to
 “cur[e] any effect that the error may have had on the sentencing
 authority,”
 United States v. Reed, 33 M.J. 98, 100 (C.M.A. 1991); and second,
 to “determin[e] anew the appropriateness of the adjudged
 sentence.” See United States v. Jones, 39 M.J. 315, 317 (C.M.A.
 1994) (quoting United States v. Sales, 22 M.J. 305, 307 (C.M.A.
 1988) (sentence “would have been at least of a certain
 magnitude”)). The Reed rule, therefore, applies in cases
 involving legal error and the prejudice flowing from it. Reed,
 33 M.J. at 99–100; see United States v. Davis, 48 M.J. 494, 495
 (C.A.A.F. 1998) (sentence reassessment involves ensuring “the
 sentence is no greater than that which would have been imposed if
 the prejudicial error had not been committed”).

United States v. Bonner, 64 M.J. 638, 639-40 (Army Ct. Crim. App. 2007).

[3] Since we are returning this case for further action, the following
errors in the promulgating order should be addressed: (1) incorrect
statement of a plea of “not guilty” to Charge II and that no findings were
entered; (2) failure to reflect a finding of guilty by exceptions to
Specification 2 of Charge II; (3) failure to state the plea and finding of
“guilty” to the Specification of Charge III; and (4) failure to state the
plea and findings to the Specifications of Additional Charge II.