CRAWFORD, Chief Judge
(concurring in part and dissenting in part):
I agree with the majority that Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), did not overrule United States v. Crider, 22 USCMA 108, 46 CMR 108 (1973), and that Crider is the controlling precedent in this case. Accordingly, we have properly answered the certified question in the negative.
Also, I join the majority in remanding this case to the Court of Criminal Appeals. The court below failed to act within the scope of our previous mandate and to clarify its holding based on the ambiguous facts of record.
Our previous mandate permits a reevaluation of the evidence supporting the Government’s theory of guilt. See, e.g., Pros. Ex. 37. This mandate did not permit reinstatement of a previously set aside conviction, or substitution of a finding of guilty barred on due process grounds. The Court of Criminal Appeals was simply required to make clear its specific findings of fact based on the evidence of record. In this regard, I join Judge Sullivan’s concurrence. Clarification of a holding or judgment permits a court to conform the judgment to the facts, so that it speaks the truth. Truth-finding within constitutional, statutory, and ethical considerations remains the essential purpose of any trial. See Nix v. Whiteside, 475 U.S. 157, 174, 106 S.Ct. 988, 89 L.Ed.2d 123 (1986); United States v. Johnston, 41 MJ 13, 16 (CMA 1994). Accordingly, another remand is necessary to clarify and evaluate the facts based on the theory of guilt espoused by the Government at appellant’s court-martial.
Finally, while I agree that sentence reassessment is necessary, I disagree with the majority’s declaration that a second reassessment by the Court of Criminal Appeals in this case is not practicable. The appellate history of this court-martial points to the fact that reconsideration on remand should be undertaken by a panel of the court that has never been involved in any previous fact-finding. If this case is remanded to judges who have had no previous involvement, and who never espoused an inability to reassess the sentence under the guidelines of United *191 States v. Sales, 22 MJ 305 (CMA 1986), then-there is no necessity for that panel to abstain from performing a sentence reassessment.