UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 ZOLPER, COOK, and CONN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist TIMOTHY R. VECCHIONE
 United States Army, Appellant

 ARMY 20080115

 Headquarters, 8th Theater Sustainment Command
 Donna M. Wright, Military Judge
 Colonel James W. Herring, Jr., Staff Judge Advocate

For Appellant: Major Grace M. Gallagher, JA; Captain Candace N. White
Halverson, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 20 November 2008

 ---------------------------------
 SUMMARY DISPOSTION
 ---------------------------------
Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, in accordance with his pleas, of absence without leave, wrongful
use of methamphetamine (three specifications) and cocaine, and making
checks without sufficient funds (three specifications), in violation of
Articles 86, 112a and 123a, Uniform Code of Military Justice [hereinafter
UCMJ], 10 U.S.C. §§ 886, 912a, and 923a. The military judge sentenced
appellant to a bad-conduct discharge, confinement for fifteen months,
reduction to E1, and awarded appellant one-hundred-seventy-four days of
credit against the sentence to confinement. The convening authority
approved the adjudged sentence, appropriately crediting one-hundred-seventy-
four days against the term of confinement. The case is before the court
for review pursuant to Article 66(c), UCMJ.

 Appellant’s brief does not admit that the findings and sentence are
correct in law and fact, and submits the case upon its merits, without any
assigned errors. However, in a footnote, appellant states that:

 In Specification 2 of Additional Charge I, appellant is charged with
 and convicted of writing a number of fraudulent checks from his First
 Hawaiian Bank account. (R. at Charge Sheet) Despite the stipulation
 of fact and appellant’s colloquy with the military judge, check 118,
 written on 7 August 2007 for $1,265.96 was actually drawn on an
 account with Central Pacific Bank. (R. at Pros. Ex. 1) Appellant
 asserts no prejudice as a result of this error.

 Specification 2 of Additional Charge I identified six checks,
including check 118, all over $500.00, made by the accused, and drawn on
First Hawaiian Bank. During the providence inquiry, appellant admitted to
writing these six checks for the amounts listed and on the dates indicated.
 Appellant specifically stated that he wrote each check on his First
Hawaiian Bank account and that the account was an open account with no
money in it. Despite having a copy of check 118 attached to the
stipulation of fact, clearly identifying Central Pacific Bank as the drawee
bank and that the account upon which check 118 was drawn was closed, none
of the parties to the trial noted or discussed these discrepancies at any
time during appellant’s trial.[1]

 While appellant asserts no prejudice, and in the absence of a
government reply brief, we find it both prudent[2] and judicially
economical to except out check 118 from Specification 2 of Additional
Charge I. Accordingly, we will grant appropriate relief in our decretal
paragraph.

 Specification 2 of Additional Charge I is amended by deleting the
words and figures “7 August 2007 118 $1,265.96 First Hawaiian Bank.” The
finding of guilty of Specification 2 of Additional Charge I, as amended, is
affirmed. The remaining findings of guilty are affirmed. Reassessing the
sentence under the principles of United States v. Sales, 22 M.J. 305
(C.M.A. 1986), and on the basis of the error noted and the entire record,
the court affirms the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] Check 118 was stamped “RETURN REASON D-D CLOSED ACCOUNT” while all
other checks alleged in Specification 2 and drawn on First Hawaiian Bank
were stamped “RETURN REASON-S REFER TO MAKER”.

[2] See generally U.S. v. White, 22 C.M.R. 730 (C.G.C.M.R. 1956) (Holding
that omission of a drawee bank creates a fatally defective specification.)
While we have found no case directly on point, it may be debatable whether
misidentification of a drawee bank creates a fatally defective
specification.