UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, COOK, and BURTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist JOHN S. MITCHELL
 United States Army, Appellant

 ARMY 20100318

 Headquarters, 25th Infantry Division
 Kwasi L. Hawks, Military Judge
 Lieutenant Colonel George R. Smawley, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M.
Jamison, JA; Major Laura R. Kesler, JA; Captain Richard M. Gallagher, JA
(on brief).

For Appellee: Major Amber J. Williams, JA; Major Ellen S. Jennings, JA;
Captain Bradley M. Endicott, JA (on brief).

 28 June 2011

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

COOK, Judge:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his plea, of receiving child pornography, in
violation of Article 134, Uniform Code of Military Justice [hereinafter
UCMJ], 10 U.S.C. § 934. The military judge sentenced appellant to
confinement for twenty-six months and reduction to the rank of Private E1.
The convening authority approved the adjudged sentence. This case is
before us for review pursuant to Article 66, UCMJ.

 Appellant raises a single assignment of error and this error merits
discussion. We modify the finding as discussed below and otherwise affirm
the remaining finding and sentence.

 The specification to which the appellant pleaded guilty alleged:

 In that SPC John S. Mitchell, U.S. Army, did, on or
 about 9 June 2009, at Schofield Barracks, Hawaii,
 knowingly receive 6 videos and 74 images of child
 pornography, in violation of Title 18 U.S.C. Section
 2252A(a)(2), which conduct was to the prejudice of
 good order and discipline in the armed forces or was
 of a nature to bring discredit upon the armed forces.

 It is apparent the Government intended to charge appellant with a
violation of clauses 1, 2 and 3 of Article 134, UCMJ. While the
specification sufficiently contains the necessary elements to meet Article
134’s clause 1 and 2 charging requirements, it fails to contain a necessary
element to assimilate 18 U.S.C Section 2252(A)(a)(2) as a clause 3
violation.

 Pursuant to Rule for Courts-Martial 307(c)(3), “[a] specification is
sufficient if it alleges every element of the charged offense expressly or
by necessary implication.” The specification at issue fails to allege the
statutory element of 18 U.S.C Section 2252(A)(a)(2) that requires the child
pornography the appellant received to have been either mailed or
transported in interstate or foreign commerce. While the military judge
covered this element during the providence inquiry, and appellant admitted
his conduct met this element, the charging defect renders the specification
legally insufficient with respect to assimilating 18 U.S.C Section
2252(A)(a)(2).

 To remedy this situation, the finding is affirmed only as it pertains
 to a
violation of Article 134, UCMJ, clauses 1 and 2. We therefore except out
the language, “in violation of Title 18 U.S.C. Section 2252A(a)(2),” and
affirm only so much of the Charge and Specification as finds appellant,
“Did, on or about 9 June 2009, at Schofield Barracks, Hawaii, knowingly
receive 6 videos and 74 images of child pornography, which conduct was to
the prejudice of good order and discipline in the armed forces or was of a
nature to bring discredit upon the armed forces.”

 In light of the modification to the finding we reassess the sentence.
Reassessing on the basis of the modified finding, the entire record, and in
accordance with the principles of United States v. Sales, 22 M.J. 305, 307-
309 (C.M.A. 1986) and United States v. Moffeit, 63 M.J 40, 42-44 (C.A.A.F.
2006), to include those factors identified by Judge Baker in his concurring
opinion in Moffeit, we are confident with our determination in this case.
We affirm the sentence as approved by the convening authority.

 Senior Judge JOHNSON and Judge BURTON concur.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court